567 A.2d 773

**BLOOMINGDALE'S BY MAIL, LTD., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, and Barton A. Fields, in his capacity as Secretary of Revenue, Commonwealth of Pennsylvania, Department of Revenue, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1989.

Decided Dec. 18, 1989.

See also, 513 Pa. 149, 518 A.2d 1203.

192

Maryann B. Gall, Jones, Day, Reavis & Pogue, Columbus, Ohio and Peter J. Boyer, Blank, Rome, Comisky & McCauley, Philadelphia, for petitioner.

Jeffrey S. Snavely, Meredythe J.Y. Schrom, Asst. Counsel, and Arthur McNulty, Harrisburg, for respondents.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, McGINLEY and SMITH, JJ.

SMITH, Judge.

Petitioner Bloomingdale's By Mail, Ltd. (By Mail) filed the present action for declaratory judgment before this Court in its original jurisdiction pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1) and Section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. § 7532. The principal question presented is whether the attempt by the Department of Revenue (Department) to require By Mail to collect and remit Pennsylvania use tax on its mail-order sales of taxable merchandise purchased by residents of the Commonwealth of Pennsylvania violates the due process or commerce clauses of the United States Constitution.

By letter dated March 25, 1985, from the Department, By Mail was provided with a sales, use and hotel occupancy tax license application and instructed to complete it. In that letter and again in a letter dated July 10, 1985, the Department instructed By Mail to commence collection and remittance of use tax on its sales of merchandise to Pennsylvania residents. By Mail refused and continues to refuse to collect the Pennsylvania use tax on its sales. On August 29, 1985, By Mail filed its petition for review in the nature of a complaint for equitable relief and declaratory judgment against the Department. The parties thereafter entered into a stipulation of facts and supplemental stipulation of facts, and on the basis of these stipulations, the Department filed its motion for summary judgment. By Mail filed its answer and cross-motion for summary judgment.

Summary relief can be granted only where no material fact is in dispute and where the applicant's right to relief is clear. *Gartner v. Pennsylvania Board of Probation and Parole*, 79 Pa.Commonwealth Ct. 141, 469 A.2d 697 (1983). The issuance of a declaratory judgment is a matter of judicial discretion which should only be exercised to illuminate an existing right, status or legal relation. It may not be used to search out new legal doctrine. *Doe v. Johns–Manville Corp.*, 324 Pa.Superior Ct. 469, 471 A.2d 1252 (1984). The Declaratory Judgments Act is broad in

scope and is to be liberally construed and administered but is not without its limitation. *Id.*

## I

The parties have stipulated, *inter alia*, to the following facts: By Mail is a corporation organized and existing under the laws of the state of New York. The officers and directors of By Mail are located in New York City, New York, Cincinnati, Ohio and Chesire, Connecticut, and corporate headquarters are located in New York City and Chesire. By Mail conducts a nationwide mail order business from leased facilities in Salem, Virginia and from its wholly-owned fulfillment center in Chesire, Connecticut. Written or telephone purchase orders from persons throughout the United States, including residents of Pennsylvania, are received at these facilities and merchandise is shipped therefrom by common carrier or U.S. mail to fill these orders. Customers may return items to By Mail for a full refund or an exchange if they are dissatisfied with the merchandise for any reason. By Mail is a wholly-owned subsidiary of Federated Department Stores, Inc. (Federated) which is a Delaware Corporation with its corporate headquarters in Cincinnati, Ohio. Prior to the incorporation of By Mail in 1983, the Bloomingdale's division (Bloomingdale's) of Federated made mail order sales to Pennsylvania residents.

Purchases made from By Mail may be paid for using Master Card, Visa, Diners Club and the Bloomingdale's credit card. By Mail has no retail stores anywhere and does not have any distribution house, sales house, warehouse, business location, office or employees in Pennsylvania. In addition, By Mail catalogs are not designed, prepared, printed, published, nor mailed from Pennsylvania and all merchandise is shipped to Pennsylvania customers from Virginia or Connecticut. By Mail's only direct solicitations of Pennsylvania residents are through its catalogs distributed throughout the United States which refer customers to By Mail's fulfillment center in Connecticut for customer assistance, merchandise return or exchange, or other servic-

es. Bloomingdale's, however, operates retail stores in Pennsylvania and employs individuals in Pennsylvania to make sales of its merchandise to Pennsylvania customers.

On two separate occasions in 1986, employees of the Department purchased watches from By Mail catalogs using Visa charge cards to pay for the purchases. Included with each purchase was a merchandise return form which stated that returns were to be sent to By Mail at its Virginia location. Instead of returning their watches to Virginia, the Department employees returned the watches to Bloomingdale's in King of Prussia and Willow Grove, Pennsylvania which accepted the returns. Refunds, which included Pennsylvania sales tax, were mailed from Bloomingdale's in New York. A third employee of the Department visited Bloomingdale's in Willow Grove and noticed that items in the catalog were also contained on shelves in the store and that the sales motifs of the Bloomingdale's store and the By Mail catalog were the same.

By Mail is not licensed to collect and does not collect Pennsylvania use taxes on its sales of goods to residents of Pennsylvania. However, in Virginia, New York and Connecticut By Mail charges, collects and remits state sales tax on all its taxable sales. From 1984 until the present, members of Federated's Board of Directors and corporate officers have been and are presently also members of the Board of Directors and corporate officers of By Mail.

## II

By Mail asserts that imposition upon it of Pennsylvania use tax collection obligations violates the due process or commerce clauses of the United States Constitution because By Mail has no nexus with Pennsylvania. The Department, on the other hand, asserts that By Mail maintains a place of business in the Commonwealth within the meaning of Section 201(b) of the Tax Reform Code of 1971[1] since it advertises for sale and does sell its merchandise in this

1. Act of March 4, 1971, P.L. 6, 72 P.S. § 7201(b).

state and has two affiliated stores in Pennsylvania which accept the return of merchandise purchased from By Mail.

At the outset, it should be noted that all states that impose sales taxes on goods purchased within a state also impose a corresponding use tax on goods purchased out of state in order to protect sales tax revenues and put local retailers on a competitive level with out-of-state retailers who are exempt from sales tax. *L.L. Bean, Inc. v. Department of Revenue*, 101 Pa.Commonwealth Ct. 435, 516 A.2d 820 (1986); *see also National Geographic Society v. California Board of Equalization*, 430 U.S. 551, 97 S.Ct. 1386, 51 L.Ed.2d 631 (1977). Section 201(b)(3) of the Tax Reform Code of 1971 provides that an out-of-state corporation will be deemed to be maintaining a place of business in the Commonwealth and therefore subject to use tax collection duties if it is:

> [r]egularly or substantially soliciting orders within this Commonwealth in connection with the lease, sale or delivery of tangible personal property to or the performance thereon of services for residents of this Commonwealth by means of catalogues or other advertising, whether such orders are accepted within or without this Commonwealth.

72 P.S. § 7201(b)(3). As this Court has previously stated:

> [n]ot every out-of state seller can be held liable for obtaining payment for use tax without a constitutional violation occurring. Such a collection burden when placed upon an out-of-state seller necessarily triggers due process concerns as well as imposes a restraint upon interstate commerce.

*L.L. Bean*, 101 Pa.Commonwealth Ct. at 443–44, 516 A.2d at 824.

The controlling question in determining whether a state tax comports with due process requirements is whether the state has given anything for which it can ask return. *National Bellas Hess, Inc. v. Department of Revenue*, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967). Regarding the burden on interstate commerce, the U.S. Supreme Court

has held that "[s]tate taxation falling on interstate commerce ... can only be justified as designed to make such commerce bear a fair share of the cost of the local government whose protection it enjoys." *Id.* 386 U.S. at 756, 87 S.Ct. at 1391 (quoting *Freeman v. Hewit,* 329 U.S. 249, 253, 67 S.Ct. 274, 277, 91 L.Ed. 265 (1947), *rehearing denied,* 329 U.S. 832, 67 S.Ct. 497, 91 L.Ed. 705 (1946)). Therefore, when assessing the constitutionality of imposing use tax collection duties on an out-of-state seller, the principal inquiry is whether there exists a definite link or some minimum connection between the state and the person, property or transaction that the state seeks to tax. *L.L. Bean,* 101 Pa.Commonwealth Ct. at 444, 516 A.2d at 824; *see also National Bellas Hess* and *Miller Brothers Co. v. Maryland,* 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744, *rehearing denied,* 347 U.S. 964, 74 S.Ct. 708, 98 L.Ed. 1106 (1954) where the Supreme Court prohibited imposition of tax obligations where the only contacts were through the mail or common carrier and occasional advertising flyers and where no retail stores were present in the taxing state.

■ Sufficient nexus between a state and the property the state seeks to tax is found when local agents of the seller are present in the taxing state. *General Trading Co. v. State Tax Commission of the State of Iowa,* 322 U.S. 335, 64 S.Ct. 1028, 88 L.Ed. 1309 (1944); *Felt & Tarrant Manufacturing Co. v. Gallagher,* 306 U.S. 62, 59 S.Ct. 376, 83 L.Ed. 488 (1939). When a seller has retail stores present in the taxing state, a similar result is reached. *Nelson v. Montgomery Ward & Co.,* 312 U.S. 373, 61 S.Ct. 593, 85 L.Ed. 897, *rehearing denied,* 312 U.S. 716, 61 S.Ct. 804, 85 L.Ed. 1145 (1941); *Nelson v. Sears, Roebuck & Co.,* 312 U.S. 359, 61 S.Ct. 586, 85 L.Ed. 888 *rehearing denied,* 312 U.S. 715, 61 S.Ct. 803, 85 L.Ed. 1145 (1941). In *National Geographic,* the Supreme Court held that sufficient nexus existed to support state taxation because the state had given something for which it could ask something in return—National Geographic maintained two offices in the

state which solicited advertisements and received the benefit of municipal protection.

In *L.L. Bean,* an out-of-state mail order firm sold and shipped to the V.F. Corporation (a Pennsylvania corporation that operates outlet stores in Pennsylvania) L.L. Bean goods that had been returned to the company by its customers as well as overruns, second quality merchandise and discontinued items. L.L. Bean's only connections with Pennsylvania other than sales to V.F. were three trips which L.L. Bean representatives made to V.F. to discuss improving the sale and delivery of L.L. Bean merchandise and to insure that accounting procedures were carried out properly and that there was no trademark infringement by V.F. This Court held that the firm's mailings and catalog sales did not constitute a nexus necessary to impose a duty to collect use taxes.

### III

While the present matter goes beyond *Miller Brothers, National Bellas Hess* and *L.L. Bean,* the facts nevertheless support a declaration that "no nexus" exists with this Commonwealth which would allow the imposition of use tax collection obligations upon By Mail. The Department asserts that courts have held that a nexus exists where the affiliated in-state corporation is not directly related to the mail order business from which tax collection is sought. *See, e.g., Reader's Digest Association, Inc. v. Mahin,* 44 Ill.2d 354, 255 N.E.2d 458, *cert. denied,* 399 U.S. 919, 90 S.Ct. 2237, 26 L.Ed.2d 786 (1970). In *Reader's Digest,* the court held that the activities and in-state presence of several of the subsidiaries of Reader's Digest in Illinois subjected it to use tax liability even though the corporation itself maintained no office, sales house, or property in the state. The court however found that a nexus existed because the subsidiaries of Reader's Digest were actively soliciting orders in the state on behalf of Reader's Digest, which constituted a presence in the state. *Reader's Digest,* however, does not support a finding of a nexus here as argued

by the Department because Bloomingdale's stores in Pennsylvania do not solicit orders on By Mail's behalf nor act as its agents in any fashion and By Mail does not solicit orders for Bloomingdale's.

Although the Department has documented two instances in which customers of By Mail were able to return merchandise purchased through the catalog at a Bloomingdale's department store, these returns at the store appear to be aberrations from normal practice. Deposition of William Gordon, pp. 45–50; Deposition of Barbara Ann Duffy, pp. 47–48. The Department further makes much of the fact that By Mail and Bloomingdale's employ the same advertising themes and motifs.[2] Absent something more, this Court fails to see how such a similarity can constitute a nexus for use tax purposes.

The Department also argues that By Mail's separate corporate existence from Bloomingdale's department stores is a mere legal formality which cannot control constitutional considerations[3] and, in essence, that Bloomingdale's acts as an agent or representative for By Mail. To support this contention, the Department relies upon *Scripto, Inc. v. Carson*, 362 U.S. 207, 80 S.Ct. 619, 4 L.Ed.2d 660 (1960). In *Scripto*, the Supreme Court found that adequate nexus existed to impose tax obligations where the taxpayer paid ten resident wholesalers to solicit substantial orders in the state on its behalf. In doing so, the Supreme Court found that Scripto could not avoid tax obligations in the state simply by characterizing its solicitors as "independent contractors" rather than as "employees." Clearly, By Mail does not have agents acting on its behalf in Pennsylvania. Under Pennsylvania law, the burden of establishing the

---

2. "California, The New International Style" was the Spring 1989 theme for Bloomingdale's stores as well as By Mail's catalogs. Department Exhibits P and Q.

3. Pursuant to service agreements between By Mail and Bloomingdale's, By Mail is responsible for all expenses incurred in the operation of its business. By Mail is charged a fee for services performed for it by Bloomingdale's, including the use of the name and logo "Bloomingdale's."

existence of an agency relationship rests on the party making that assertion. *Scott v. Purcell*, 490 Pa. 109, 415 A.2d 56 (1980). A true agency relationship results only if there is an agreement for the creation of a fiduciary relationship with control by the principal. *Mapp v. Gimbels Department Store*, 373 Pa.Superior Ct. 210, 540 A.2d 941 (1988). However, "agency will not be assumed from the mere fact that one does an act for another." *Reifsnyder v. Dougherty*, 301 Pa. 328, 333, 152 A. 98, 100 (1930).[4]

An examination of the stipulated facts of record demonstrates that a sufficient nexus has not been established between By Mail and the Commonwealth of Pennsylvania to impose use tax collection obligations upon By Mail. Accordingly, By Mail is not responsible for collecting use tax on its mail-order sales to Pennsylvania residents, and the Department's attempt to impose such a duty violates the United States Constitution. Summary judgment is therefore entered in favor of By Mail, and the Department's motion for summary judgment is denied.

### ORDER

AND NOW, this 18th day of December, 1989, it is hereby declared that the imposition of the obligation to collect Pennsylvania use taxes upon Bloomingdale's By Mail Ltd. on its mail-order sales to Pennsylvania residents violates the United States Constitution, and Bloomingdale's By Mail, Ltd. motion for summary judgment is therefore granted. The motion for summary judgment filed by the Department of Revenue is denied.

---

**4.** The Pennsylvania Supreme Court has held that a parent/subsidiary relationship with nothing more will not justify disregarding the separate corporate identity and applying a rule different from the normal one. *Commonwealth v. Hellertown Manufacturing Co.*, 438 Pa. 134, 264 A.2d 382 (1970).