604 A.2d 1156

MAHANOY AREA SCHOOL DISTRICT, Appellant,

v.

Alice M. BUDWASH and Gary A. Budwash, h/w, Appellees.

Alice M. BUDWASH and Gary A. Budwash, h/w, Appellants,

v.

MAHANOY AREA SCHOOL DISTRICT, Appellee.

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1991.

Decided Feb. 27, 1992.

Edward H. Heitmiller, for appellant, appellee Mahanoy Area School Dist.

Bobbie Ann Thornburg, for appellees, appellants Alice M. Budwash and Gary A. Budwash, h/w.

Before DOYLE and PELLEGRINI, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Alice M. Budwash and Gary A. Budwash, husband and wife, appeal an order of the Court of Common Pleas of Schuylkill County, which granted a motion for summary

judgment of the defendant, the Mahanoy Area School District (the School District), dismissed the Budwash complaint and entered judgment in favor of the School District. We vacate and remand.

On November 21, 1987, Mrs. Budwash attended a play-off football game at the School District's football stadium. After taking a seat in the bleachers of the stadium, Mrs. Budwash decided to return to her car to get additional blankets. While walking on a walkway in front of the bleachers, she stepped to her right to avoid a group of children who were running toward her; she slipped and fell on an ice patch. As a result of the fall, Mrs. Budwash broke her left ankle and bruised both hands.

In June of 1989, the Budwashes filed their complaint. In its answer and new matter, the School District raised the defense of governmental immunity contained in 42 Pa.C.S. §§ 8541–42. Following discovery, the School District filed a motion for summary judgment. The trial court held that the Budwashes would not have had a cause of action under the common law. The court granted the School District's motion based upon 42 Pa.C.S. § 8542(a)(1). Both the Budwashes and the School District filed appeals to this Court.

█ The Budwashes argue that the court erred in concluding that they could not have recovered at common law. 42 Pa.C.S. § 8542(a) provides that an injured party can recover against a local agency if damages were recoverable under either the common law or a statute provided that the local agency does not have an immunity defense and if the negligent act fell within one of the enumerated exceptions of subsection (b). The trial court held that recovery was impossible under the common law because of the "hills and ridges" doctrine set forth in *Rinaldi v. Levine*, 406 Pa. 74, 176 A.2d 623 (1962). In that case, the injured party slipped and fell on a patch of ice on a sidewalk. Although the jury found the landowner to be liable, the Supreme Court reversed the trial court's order and directed entry of a judgment n.o.v. in favor of the landowner. The court held that the "hills and ridges" doctrine evolved because of the

impossibility of keeping one's walk clear at all times. When that doctrine was applicable, the injured party is required to prove:

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such a condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Id.*, 406 Pa. at 78–79, 176 A.2d at 625–26. The Supreme Court held that the injured party had failed to meet his burden of proving both the first and third elements stated above.

The doctrine of "hills and ridges" is not, however, applicable to all situations. As the Supreme Court has stated in specifically limiting its holding in *Rinaldi:*

Proof of 'hills and ridges' is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community, which is not the case here. See *Williams v. Schultz,* 429 Pa. 429, 240 A.2d 812 (1968), and many supporting cases cited therein. Where, as here, a specific, localized patch of ice exists on a sidewalk otherwise free of ice and snow, the existence of 'hills and ridges' need not be established.

*Tonik v. Apex Garages, Inc.,* 442 Pa. 373, 376, 275 A.2d 296, 298 (1971).

Summary judgment may be granted only in those cases where the right to the relief requested is clear; the existence of a factual dispute over any material matter precludes the granting of a motion for summary judgment. Pa.R.C.P. No. 1035(b); *Bloomingdale's By Mail, Ltd. v. Department of Revenue,* 130 Pa.Commonwealth Ct. 190, 567 A.2d 773 (1989). At her deposition, Mrs. Budwash testified that there had been no precipitation since November 19, two days before the accident. She also testified that there were patches of ice and snow. (Deposition of Alice Budwash, 6/13/90, p. 10). Based upon this testimony, it is probable

that the doctrine of "hills and ridges" is not applicable because general slippery conditions were not prevailing in the community. As the School District's right to relief is far from clear because of uncertainty as to the facts, the trial court erred in granting summary judgment on this basis.[1] As mentioned earlier, the School District also took an appeal in this case. In its motion for summary judgment, it argues that the School District was absolutely immune pursuant to *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa.Commonwealth Ct. 534, 581 A.2d 700 (1990), and *Huber v. Department of Transportation*, 122 Pa.Commonwealth Ct. 82, 551 A.2d 1130 (1988). The trial court decided the motion on the basis of the doctrine of "hills and ridges"; the School District filed its cross appeal to preserve the argument that it is absolutely immune. We do not believe that this matter can be discussed at this time.

▓▓▓▓ Generally only an "aggrieved" party has standing to appeal. Pa.R.A.P. 501. Where a party is successful in the trial court, that party is not aggrieved and, therefore, has no standing to appeal. *Police Pension Fund Association Board v. Hess*, 127 Pa.Commonwealth Ct. 498, 503 n. 5, 562 A.2d 391, 394 n. 5 (1989). We have specifically stated that "[m]ere disagreement with the ... legal reasoning [of the tribunal whose order is being reviewed] ... does. not confer standing [to appeal]...." *Middletown Township v. Pennsylvania Public Utility Commission*, 85 Pa.Commonwealth Ct. 191, 210, 482 A.2d 674, 685 (1984). As the School District could not appeal, its cross appeal must be quashed.

▓▓▓▓ We recognize the quandary in which the School District was placed. Its primary argument in the trial court was that it had absolute immunity based upon *Bowles* and *Huber*. The trial court chose to grant summary judgment

1. We must also point out that Mrs. Budwash's failure to describe the patch of ice in a manner to comply with the mandates of *Rinaldi* at her deposition is not dispositive even if the doctrine of "hills and ridges" were applicable. That deposition was taken by the School District's attorney as a part of discovery; Mrs. Budwash simply was not asked to describe the patch of ice.

on a different basis, one which we herein have held to be erroneous. The School District filed its cross appeal to preserve its argument made below. While the School District chose an improper method of preserving its argument instead of merely raising the question in its brief as appellee, we would be loath to hold that these issues have been waived. We, therefore, believe the matter must be remanded to the trial court to consider the remaining questions posed by the School District in its summary judgment motion.

Vacated and remanded.

### ORDER

NOW, February 27, 1992, the order of the Court of Common Pleas of Schuylkill County, dated March 6, 1991, at No. S–1042–1989, is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.

PELLEGRINI, Judge, concurring.

I join the majority opinion only because the Budwashes never raised the issue as to whether the paved pathway in front of the bleachers in a stadium is a "sidewalk" within 45 Pa.C.S. § 8542(b)(7).