## Herbst v. Inven Associates

168

*John B. Mancke,* for plaintiff Monteith.
*W. Scott Henning,* for plaintiff Herbst.
*Archie V. DiVeglia,* for plaintiff Woltcheck.
*Lisa M. DiBernardo,* for defendants Gove.
*Jennifer M. McHugh,* for defendant Inven Assoc.
*Robert Teplitz,* for defendant Givler & Sons.
*Stephen E. Geduldig,* for defendant Dauphin Deposit.

BEFORE TURGEON, LEWIS AND EVANS, *JJ.*

TURGEON, LEWIS AND EVANS, *J.J.* March 30, 1998—In each of the three above-captioned actions, the plaintiff slipped and fell on snow and ice and instituted an action against the property owner and/or the party responsible for snow and ice removal. Defendants in each action have filed summary judgment motions on the ground that the "hills and ridges" doctrine precludes plaintiffs' recovery. In turn, each plaintiff has asserted that the hills and ridges doctrine is inapplicable since, in order for it to apply, there must have been generally slippery conditions in the community. Each plaintiff argues that this question raises a material issue

of fact which requires denial of the summary judgment motion.

## FACTS

### *Herbst v. Inven Associates*

On the morning of February 23, 1993, plaintiff Nancy Herbst prepared to depart for work. Upon exiting her apartment, en route to her vehicle, plaintiff noticed that the parking lot appeared to be icy. Apparently, snow had fallen two days prior but had been removed by snowplows that same day. However, temperatures had risen above the freezing mark on February 22, 1993, and had fallen below freezing that evening and into the following day. This temperature change seemed to have arguably caused any "leftover" snow to melt and then refreeze thereby causing an icy condition.

In an attempt to reach her car, plaintiff negotiated a path by dodging any ice patches and clumps of ice/hardened snow, and stepping on "dry spots," within the parking lot. Upon reaching her car without incident, plaintiff started it and returned to her apartment for a quick breakfast. Approximately 10 minutes later, plaintiff exited her apartment and proceeded to walk to her vehicle by again stepping on "dry spots." As plaintiff approached her car, she put her foot down on what appeared to be a dry area. However, this area was apparently covered by a patch of a clear glaze of ice, causing her to sip and fall. In an attempt to soften the impact, plaintiff used her hand as a brace. As a result, plaintiff sustained a deep cut on her right hand, a fractured right wrist, multiple contusions and abrasions and a thoracic sprain/strain. Consequently, plaintiff filed a complaint against the defendant alleging that defendant was negligent in allowing the parking lot to become

covered with ice and snow, thereby causing a dangerous condition.

## Monteith v. Gove

In the early morning hours of January 12, 1993, plaintiff William Monteith, while walking his dog, fell on the sidewalk adjacent to the driveway of the home owned by defendants Gregory and Janet Gove. He alleges that he fell due to an accumulation of snow and ice not removed by defendants. The weather reports indicate on January 9, a half an inch of snow had fallen and on January 10, nearly an inch of snow had fallen. However, only a trace fell on January 11, the day before the accident, and on January 12, there was no snow reported to have fallen. However, the Lower Paxton Township Public Works Department was out salting and cindering the area on the morning of the incident beginning at 3:30 a.m., and the *Harrisburg Patriot News* that morning indicated that freezing rain was present.

Mr. Monteith indicated in his deposition that when he awoke on the morning of January 12, there was nothing coming down at that time in the form of precipitation. Although he claims that ice was visible on the streets, he maintains that there was nothing on his driveway, and the sidewalks were clear as he walked up to the point where the Gove property is located. As Mr. Monteith approached the Gove property he saw ice and snow; however, he claims that he did not know how bad it was until after he fell and was lying on the sidewalk attempting to get back on his feet. As he was crawling on the grass, Mr. Monteith noticed ice at the location of his fall. He claims that he did not anticipate this ice because it was covered with snow. As a result of the fall, Mr. Monteith received a serious injury to his left shoulder.

*Woltcheck v. Dauphin Deposit Bank and Trust Co.*

On February 1, 1994, plaintiff Joseph Woltcheck arrived at the Derry Street branch of Dauphin Deposit Bank to inspect renovations to a snack bar inside the building. During the previous night, the area had received a small accumulation of snow. The precipitation continued into the morning of February 1, 1994. Although the weather had cleared and it was sunny for a large portion of the day, it remained very cold.

After arriving at Dauphin Deposit, Woltcheck parked his truck in the parking area adjacent to the building. Defendant Givler and Sons was responsible for snow and ice removal of the parking area. Woltcheck noticed the parking lot was generally snow-covered with intermittent bare spots. He did not observe any ice on the parking lot or any weather-related obstructions blocking his path. After exiting his truck, he walked to the building housing the snack bar without incident.

Upon leaving the building, Woltcheck proceeded outside to complete additional inspections. As Woltcheck reached the corner of the building, he stepped onto what he thought was a six-foot long, three-foot wide area of bare pavement. Woltcheck did not believe the area was slippery. When he stepped on the bare spot, he fell. After his fall, Woltcheck observed the bare spot again and saw nothing indicating the spot was slippery. Woltcheck then touched the bare spot. Although the spot looked like macadam pavement, it felt like ice. Woltcheck regained his feet, finished his inspection and returned to the snack bar inside the building. After the fall, Woltcheck began to feel discomfort in his feet, ankles and back. This pain became worse during the night, and he sought medical treatment the next morning. As a result of his fall, Woltcheck filed a complaint

against the defendants alleging that his fall and subsequent injuries occurred as a result of their negligence.

## LEGAL DISCUSSION

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2, 42 Pa.C.S. In determining whether to grant summary judgment, this court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Id.*

Defendants move for summary judgment on the grounds that the undisputed facts establish that a generally slippery condition existed on the parking lot/sidewalk surfaces where plaintiffs allegedly fell. Because generally slippery conditions existed, defendants argue that the plaintiffs cannot recover for any damages resulting from their fall because the snow and ice had not accumulated into ridges or elevations of such character to constitute an obstruction to travel or a danger to pedestrians. Therefore, defendants separately argue that, under "the hills and ridges doctrine," they are not liable where a generally slippery condition causes the fall. Plaintiffs separately argue genuine issues of material fact exist as to whether or not generally slippery conditions existed.

The hills and ridges doctrine provides that an owner or occupier of land is not liable for falls occurring on his or her property where generally slippery conditions exist, unless the owner has "permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel Inc.,* 704 A.2d 1085, 1087 (Pa. Super. 1997); *Harmotta v. Bender,*

411 Pa. Super. 371, 601 A.2d 837 (1992), *appeal denied*, 530 Pa. 655, 608 A.2d 30 (1992). The policy behind the doctrine is clear: to require that one's walks should always be free of ice and snow would impose an impossible burden in view of the climatic conditions in this hemisphere. *Wentz v. Pennswood Apartments,* 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986).

Where the doctrine is applicable, a plaintiff must prove: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Rinaldi v. Levine,* 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). (citations omitted)

However, the hills and ridges doctrine applies only where there is a generally slippery condition at the time of an accident. *Id.* The doctrine may be applied only in cases where the snow and ice complained of are the result of a recent snowfall that results in an "entirely natural accumulation." *Harmotta v. Bender, supra* at 380, 601 A.2d at 841. Thus, proof of hills and ridges is not necessary when the hazard is not the result of a generally slippery condition, but originates from a localized patch of ice. *Id.* at 381, 601 A.2d at 841 (citing *Tonik v. Apex Garages Inc.,* 442 Pa. 373, 275 A.2d 296 (1971)).

There is no per se test for determining what rises to the level of a "general slippery condition."[1] However,

---

1. Because of the problems that arise in determining what constitutes a "generally slippery condition," courts are becoming hesitant in applying the doctrine to recent slip and fall cases. In *Smith v.*

a few cases have addressed whether a generally slippery condition existed. In *Harmotta*, the Pennsylvania Superior Court found a generally slippery condition existed in the community at the time of the accident in question. The court found that a fresh layer of snow, which had fallen the day of the accident and covered a layer of packed snow and ice, together with a lack of testimony or evidence that the victim fell on an isolated patch of ice, satisfied the elements necessary to apply the "hills and ridges" doctrine. *Id.* at 381-82, 601 A.2d at 842. Additionally, in *Mahoney Area School District v. Budwash*, 146 Pa. Commw. 72, 604 A.2d 1156 (1992), the Commonwealth Court held that a generally slippery condition did not exist where there had been no precipitation two days prior to a fall and where only patches of ice and snow were found to exist. *Id.* at 75-76, 604 A.2d at 1158.

## *Herbst*

Upon reviewing the facts of this case, it is unclear whether plaintiff's fall was the result of a generally slippery condition following a recent snowfall, or the melting and refreezing of ice over the course of a long winter. There is no dispute that snow fell on the evening of February 21, 1993. Furthermore, the record reveals that the temperatures were above freezing on February 22, 1993, and that the temperatures fell below freezing that evening and into the following day. This temperature

*Allen & O'Hara Developments Inc.,* 1996 WL 529998 (E.D. Pa.) the United States District Court, citing an absence of clear direction from the Pennsylvania Supreme Court on the applicability of the "hills and ridges" doctrine, turned instead to the traditional tort doctrine of landowner duty as set forth in the Restatement (Second) of Torts §343. *Id.* at *2.

change may have caused an icy condition to form overnight, before defendant could have been expected to know about the existence of such a condition. If the icy condition of the parking lot was, in fact, the result of a recent snowfall combined with immediate fluctuating temperatures, a generally slippery condition may have existed and the "hills and ridges" doctrine would apply. However, there is, testimony given by plaintiff suggesting that an icy condition consistently existed on the parking lot throughout the entire winter due to poor maintenance. If so, application of the doctrine may not be permitted. Consequently, it is our finding that a question remains as to whether plaintiff's fall was caused by the natural accumulation of ice following a recent snowfall, or a dangerous icy condition which was allowed to remain for an unreasonable length of time. This question can only be answered by a jury.

Defendant's final contention is that plaintiff assumed the risk of her injuries by proceeding to voluntarily encounter icy conditions which were obvious. Such determination should occur only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition. *Barrett v. Fredavid Builders Inc.*, 454 Pa. Super. 162, 166, 685 A.2d 129, 130 (1996). In light of the testimony given by plaintiff, we are unclear as to exactly how "obvious" the icy condition truly was as it existed on the parking lot. Furthermore, we strongly believe that where reasonable minds could differ as to the conclusion, the issue of whether a plaintiff assumed the risk of her injuries is better left for the determination of a jury. See *e.g., Kaplan v. Exxon Corporation*, 126 F.3d 221 (3d Cir. 1997). It is our belief that a differing of conclusions could reasonably occur in this case.

*Monteith*

In viewing the facts most favorable to the non-moving party, an issue exists as to the weather conditions in the community at the time of the accident. Although there is a report of no significant snowfall more than 24 hours prior to plaintiff's fall, there is evidence of freezing rain on that morning. Because plaintiff maintains that he does not recall the rain, his testimony, along with conflicting weather records, provides an issue of fact. If precipitation fell the morning of January 12, which caused an ice patch to form before defendants could be expected to know about it, plaintiff may not recover. If the patch was there long enough for defendants to know of it, or they should have known of it, then plaintiff may recover. Those are issues of fact that a jury must decide.

Defendants further argue that plaintiff knowingly and voluntarily encountered the snowy and icy conditions of the sidewalk and therefore the doctrine of assumption of the risk should apply, thereby relieving defendants of any duty to him for a slip and fall on the ice. "However, the determination that the plaintiff has assumed the risk of his injuries such that recovery is prevented should occur only where it is *beyond question* that the plaintiff voluntarily and knowingly proceeded in the face of an *obvious* and dangerous condition." *Barrett v. Fredavid Builders Inc., supra* at 166, 685 A.2d at 130. (citations omitted) (emphasis added) In the present case, it is not clear just how obvious the ice was on which Mr. Monteith fell. His testimony indicates that while he saw some ice located on the Goves' property, he also maintains that there was a lot of "gray" ice present that was covered with snow. Moreover, plaintiff has raised issues concerning liability and assumption of risk which should also be submitted for a jury's de-

termination and are only granted summary judgment in cases that are clear and free from doubt. *Welsh v. Bulger*, 548 Pa. 504, 698 A.2d 581 (1997). (citations omitted)

*Woltcheck*

Reviewing the facts in the light most favorable to plaintiff Woltcheck, the record is not clear as to the condition of the community at the time of the accident. There is no record of the total accumulation of snow in the community, and plaintiff testified that the weather did not cause him any problems as he drove to work. Further, plaintiff testified that he had no problem walking from the parking lot to the work area and that he did not notice any patches of ice. This testimony would suggest that a generally slippery condition did not exist, barring application of the "hills and ridges" doctrine. However, plaintiff also testified during his deposition that the parking lot appeared to be generally snow covered by two or three inches of powdered snow that appeared to be fairly level. Additionally, two workers at the snack bar gave written statements that the parking lot was very slippery due to the snow and ice. This testimony suggests that a generally slippery condition may have existed and the doctrine could apply. We believe that the lack of additional information as to the weather condition on the day of the accident, and the question as to the actual condition of the parking lot raises issues of fact a jury must decide.

Accordingly, we enter the following:

ORDER

And now, March 30, 1998, defendant's motion for summary judgment is hereby denied.