687 A.2d 1157

**George R. VALENTINE, Appellant,**

v.

**ACME MARKETS, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1996.

Filed Jan. 22, 1997.

258

Stephen D. Ivey, Philadelphia, for appellant.

Claire Neiger, Philadelphia, for appellee.

Before MCEWEN, P.J., and POPOVICH and MONTEMURO *, JJ.

## OPINION

MONTEMURO, Judge.

This is an appeal from an entry of judgment on a jury verdict in favor of Defendant/Appellee, Acme Markets, Inc. and against Plaintiff/Appellant, George Valentine. After careful consideration of Appellant's challenges, we remand for an evidentiary hearing on Appellant's second claim only.

On September 18, 1990, Appellant, George Valentine, filed a complaint against Appellee, Acme Markets, Inc. (Acme), in the Court of Common Pleas, Philadelphia County, seeking damages for personal injuries he sustained in a fall at one of Appellee's supermarkets in Northeast Philadelphia. A jury trial commenced on March 13, 1995.

According to Appellant, he was at Appellee's supermarket on March 2, 1990 to complain about an incorrect price he was charged for an item he had purchased the day before. As he followed a customer service representative around the right

* Retired Justice assigned to Superior Court.

side of a checkout counter, Appellant allegedly banged his leg on a pull-out shelf at the end of the counter and fell.[1] These shelves, used for bagging groceries, are approximately 14 inches lower than the checkout counter and offset four inches from the side which Appellant approached. Appellant's expert witness testified that the pull-out shelf on the end of the counter was defectively designed since a customer could not see it until he rounded the corner of the counter. (N.T. 3/13/95 at 1.69, 1.85). Appellant sustained injuries from the fall, including a broken hip.

According to Appellee's witness, who was walking behind Appellant at the time of the fall, Appellant did not hit the pull-out shelf; he simply did a "double step." (N.T. 3/15/95 at 3.10). Appellee's expert testified that a person maintaining a proper lookout should have been able to see and avoid banging into the shelf. (N.T. 3/15/95 at 3.45–3.46).

On March 17, 1995, the jury returned a verdict for Appellee, Acme. Appellant filed a timely Motion for Post–Trial Relief, which was denied on September 15, 1995. On October 20, 1995, the trial judge entered judgment on the jury's verdict. This timely appeal followed.

On appeal, Appellant claims that the trial court erred in three significant ways which justify a new trial: (1) the court abused its discretion by admitting evidence of two prior and one subsequent fall by Appellant; (2) the court abused its discretion by granting Appellee's Motion in Limine, precluding evidence of a fall at another Acme store, without permitting argument on the motion; and (3) the court misled and confused the jury by using jury instructions and a verdict sheet which did not correctly state the issues involved in the case. Because we conclude that Appellant is not entitled to relief on either his first or third claim, we will consider those claims first.

1. There was a dispute as to which leg Appellant banged on the shelf. During his deposition, taken in May of 1992, Appellant testified that he hit his left leg on the shelf. (N.T. 3/15/95 at 3.73). However, during the jury trial, Appellant testified that he banged his right leg on the shelf. (N.T. 3/13/95 at 1.29).

 Questions concerning the admissibility of evidence at trial are within the trial judge's sound discretion, and we will not reverse his decision absent an abuse of that discretion. *Engle v. West Penn Power Co.*, 409 Pa.Super. 462, 481, 598 A.2d 290, 299 (1991), *allocatur denied*, 529 Pa. 669, 605 A.2d 334 (1992). Generally, a trial judge should admit all relevant evidence unless a specific rule bars its admission. *Id.* Evidence is relevant if it "tends to make the fact at issue more or less probable or intelligible or to show the origin and history of the transaction between the parties and explain its character." *Id.* at 482, 598 A.2d at 299–300 (citations omitted). To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful to the complaining litigant. *Whitman v. Riddell*, 324 Pa.Super. 177, 180, 471 A.2d 521, 522 (1984).

Appellant first contends that the trial court committed reversible error when it admitted evidence of Appellant's two prior and one subsequent falls. Though we agree that the evidence was improperly admitted, we do not agree that this error justifies a new trial.

[4] It is well established that it cannot be proven that a person committed an act by showing that that person committed a similar act in the past. *Levant v. Wasserman*, 445 Pa. 380, 382–83, 284 A.2d 794, 796 (1971). There must be some connection or relation between the prior and present acts. *Id.* In a personal injury case, that relation is often similar injuries. *See Papa v. Pittsburgh Penn–Center Corp.*, 421 Pa. 228, 218 A.2d 783 (1966) ("Testimony concerning any prior fall [is] not admissible for any purpose unless the injuries from that alleged accident [can] be connected to those claimed in the present suit, so as to raise the inference of a pre-existing condition.").

 In the instant case, the trial judge concluded that the evidence of Appellant's two prior falls was relevant to "ascertain [Appellant's] prior medical history as well as other possible causes for the accident in question. Just because [Appellant] alleged that his fall was caused by the check-out counter

does not prevent [Appellee] from asserting that his fall was caused by another reason, including his medical condition." (Trial Ct. Op. at 3). However, there is no evidence that Appellant's two prior falls were related to any medical condition he might have had. There was no testimony regarding the cause of his 1987 fall, and his 1989 fall was attributed to his "legs [falling] out from under him". (Deposition of Dr. David K. Saland, M.D., 1/4/95 at 35). There is also no testimony that Appellant suffered injuries in his two prior falls that are similar to the injuries he suffered in this fall. In fact, there is no evidence that he suffered any injuries in his 1989 fall, and evidence only of facial lacerations suffered in his 1987 fall. The only purpose of this evidence, therefore, was to allow the jury to infer that because Appellant had fallen for no specific reason in the past, he probably just fell on his own this time too. This conclusion, however, is impermissible. Therefore, we find that the trial court abused its discretion in admitting evidence of Appellant's two prior falls.

The trial court also admitted evidence of Appellant's subsequent fall in a supermarket to impeach Appellant's testimony that he was unable to shop in a supermarket after the accident in question. Though a witness's credibility is always important in a trial, a witness may not be impeached on collateral matters. *Papa*, 421 Pa. at 229, 218 A.2d at 789. In *Papa v. Pittsburgh Penn–Center Corp., supra*, our Supreme Court upheld a trial court's refusal to permit a defendant to cross-examine a plaintiff regarding an alleged prior fall, when on direct examination the plaintiff testified that she never injured her back or fell on a prior occasion. *Id.* at 229, 218 A.2d at 788–89. The court found that the allegation of the prior fall, without other facts such as connected injuries, was inadmissible. *Id.* at 229, 218 A.2d at 789. Similarly, in the instant case, the evidence of Appellant's subsequent fall should have been excluded. The main issue in this case was whether or not Appellee's pull-out shelf and checkout counter were defectively designed, resulting in a defective and dangerous condition. Appellant's claim that he could no longer enter a supermarket was a collateral issue that concerned only the

extent of Appellant's injuries. *Cf. Bruno v. Brown*, 414 Pa. 361, 364, 200 A.2d 405, 406 (1964)(holding evidence that plaintiff complained of back injury after prior accident is admissible to impeach plaintiff's general credibility because back injury is difficult to prove and plaintiff's "candor and honesty, or his inclination to exaggerate, were important considerations for the jury"). Therefore, we find that the trial court abused its discretion by permitting this testimony.

■ Although we conclude that the trial court abused its discretion by admitting evidence of Appellant's prior and subsequent falls, we find that this error was not harmful to Appellant. The evidence permitted the jury to infer that because Appellant had fallen on three other occasions, he fell in the instant case due to his own negligence. This would be highly prejudicial if the jury had concluded that, although Appellee defectively designed the counter, Appellant was contributorily negligent. However, the jury never reached the threshold determination that Appellee was negligent. On the Jury Verdict Sheet, the jury concluded that "the Acme checkout counter was [not] defective as it existed on the date of the accident and that the defect of the checkout counter was [not] likely to cause injury." Without an initial breach of duty by Appellee, Appellant cannot recover. Therefore, the erroneous admission of evidence concerning Appellant's other falls did not prejudice Appellant.

Appellant also contends that the trial court misled and confused the jury by using jury instructions and a verdict sheet which did not correctly state the issues involved in the case. We find no merit in this argument.

■ A trial judge has great discretion in instructing a jury, as long as the instructions fully convey the applicable rules of law in the case. *Bailey v. Pennsylvania Elec. Co.*, 409 Pa.Super. 374, 390, 598 A.2d 41, 49 (1991), *allocatur denied*, 534 Pa. 645, 627 A.2d 177 (1993). Therefore, our scope of review is limited to determining whether the trial judge "committed a clear abuse of discretion or error of law controlling the outcome of the case." *Stewart v. Motts*, 539 Pa. 596,

606, 654 A.2d 535, 540 (1995). We consider the instructions in their entirety to determine whether the trial judge committed an error, and, if so, whether the error was prejudicial to the complaining party. *Bailey,* 409 Pa.Super. at 390–91, 598 A.2d at 49.

Appellant faults the jury instructions and verdict sheet because they "did not adequately or sufficiently inform the jury that the defective *design* of the entire counter was at issue." (Appellant's Brief at 34). Appellant points to his proposed verdict sheet for the correct language: "Do you find that the Acme checkout counter was defectively designed as it existed on the date of the accident and that the design of the checkout counter without the chrome rack and plastic bags was likely to cause injuries to customers?" (Plaintiff's proposed Verdict Sheet at 1).

Initially, we note that Appellant's complaint did not allege a *design defect;* it alleged only that a "dangerous and defective condition" existed at Appellee's supermarket. (Complaint at 2–3). Moreover, in his proposed jury instructions, Appellant did not refer to the "defective design" of the checkout counter; instead he referred, on two occasions, to the "dangerous condition" at Appellee's supermarket. (Plaintiff's Points for Charge, # 6, # 9). The trial judge admitted these two points for charge almost verbatim. (N.T. 3/17/95 at 5.18–19).

■ Appellant's argument is an exercise in semantics. He contends that he did not "claim[ ] there was anything physically wrong or broken with the pull-out shelf" or "that the pull-out shelf was in a defective condition." (Appellant's Brief at 36, 38). However, in doing so, he mischaracterizes the jury instructions. The instructions referred to the shelf as *a* defective condition, not *in* a defective condition. Therefore, we find that the trial judge's reference to the pull-out shelf as a defective condition did not mislead or confuse the jury regarding Appellant's theory that "the entire checkout counter was defectively designed because it incorporated a pull-out shelf that was not visible to customers without the chrome bagging rack." (Appellant's Brief at 34). By claiming that

the shelf did not belong on the end of the checkout counter, Appellant, in essence, is arguing that the shelf is a *defective condition.*[2] As the trial court stated in its Opinion:

> It is clear from a review of the entire record in this case the words shelf and counter were used by all parties to describe the same alleged defective condition. No prejudice was suffered by [Appellant] by the use of the word shelf in the charge to the jury. In addition, the applicable law on the issue of the defectiveness [sic] was more than adequately covered in the charge given. Considering the charge as a whole in light of the evidence presented by both parties, the charge was a fair statement of the law and was not prejudicial to [Appellant].

(Trial Ct. Op. at 5). After reviewing the record, we agree that the jury understood Appellant's claims and the relationship between the checkout counter and pull-out shelf.[3]

Finally, Appellant claims that the trial court erred by not permitting him to argue a pre-trial Motion in Limine precluding evidence of a similar fall at another of Appellee's stores. We agree.

Rule 211 of the Pennsylvania Rules of Civil Procedure mandates that "[a]ny party or his attorney shall have the right to argue any motion." This clear and unambiguous language required the trial judge to allow Appellant to argue on the Motion when Appellant made a timely request to do so. *See Tessier v. Pietrangelo,* 361 Pa.Super. 210, 522 A.2d 88 (1987) (holding invalid a local court rule dispensing with oral argument for motion except when required by judge, as it directly

---

2. This Court has stated, in a strict liability context, that a "defective condition" includes defects in design and manufacture, as well as a failure to warn. *Toth v. Economy Forms Corp.,* 391 Pa.Super. 383, 388, 571 A.2d 420, 423 (1990), *allocatur denied,* 527 Pa. 650, 593 A.2d 422 (1991).

3. Moreover, we note that the Verdict Sheet as presented to the jury provided Appellant with a better chance of recovery than his proposed questions. Appellant's proposed question asked the jury to consider only if the checkout counter was *defectively designed,* while the actual verdict sheet asked the jury to consider whether the checkout counter was *defective.*

conflicts with Pa.R.C.P. 211). In *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986), *allocatur denied,* 515 Pa. 580, 527 A.2d 541 (1987), this Court concluded that the right to argue under Rule 211 is a qualified right. In that case, the trial judge refused to hear argument on a summary judgment motion because extensive depositions and affidavits were already submitted to the court; argument would have been redundant. *Id.* at 475, 516 A.2d at 359. In the instant case, however, the judge simply relied on Appellee's version of the facts; there were no factual averments or caselaw submitted by Appellant. Therefore, we find that the judge erred when he refused Appellant's request for oral argument on Appellee's Motion in Limine.

Appellant argues that this error entitles him to a new trial. However, the sources he cites, 1 Goodrich–Amram 2d § 211:2 and *Auman v. Juchniewitz,* 312 Pa.Super. 98, 458 A.2d 254 (1983), actually propose that we vacate the order and remand so that Appellant may have the opportunity to develop a record.

 In the instant case, the precluded evidence was the testimony of a witness who was allegedly injured on the pull-out shelf at another of Appellee's supermarkets almost six months prior to Appellant's fall. Evidence of prior accidents involving the same instrumentality is generally relevant to show that a defect or dangerous condition existed or that the defendant had knowledge of the defect. *Vernon v. Stash,* 367 Pa.Super. 36, 47, 532 A.2d 441, 446 (1987). However, this evidence is admissible only if the prior accident is "sufficiently similar to the incident involving the plaintiff which occurred under sufficiently similar circumstances." *Lynch v. McStome & Lincoln Plaza Assoc.,* 378 Pa.Super. 430, 436, 548 A.2d 1276, 1279 (1988). The burden is on the party introducing the evidence to establish this similarity before the evidence is admitted. *Spino v. John S. Tilley Ladder Co.,* 448 Pa.Super. 327, 344–46, 671 A.2d 726, 735 (1996), *alloc. granted,* 545 Pa. 418, 681 A.2d 745 (1996). In the instant case, Appellant was never given the opportunity to prove that the accidents were "sufficiently similar".

Therefore, after careful consideration of Appellant's claims, we conclude that, at this time, he is not entitled to a new trial. However, we remand the case for an evidentiary hearing on the limited issue of whether Appellant's evidence of another fall at another of Appellee's supermarkets was sufficiently similar to the accident in question to warrant admission.

Affirmed in part, reversed in part, and remanded for an evidentiary hearing. Jurisdiction retained.

Judge POPOVICH files a Dissenting Statement.

POPOVICH, Judge.

I would affirm the judgment in favor of appellee.