**Thorpe v. Gant**

*Marc F. Greenfield,* for plaintiff.
*Hugh C. Clark,* for defendant.

BRINKLEY, *J.,* June 29, 2001—Louise Thorpe sued Elsie Gant for injuries suffered as the result of a slip and fall accident on the premises of Elsie Gant. The jury found in favor of Louise Thorpe and awarded the plaintiff

$25,000. This court reduced the verdict by 30 percent to $17,500 on the basis of the plaintiff's comparative negligence. Hugh C. Clark, on behalf of defendant Elsie Gant, has filed an appeal of this court's judgment on the verdict in favor of the plaintiff, entered on July 28, 2000.

## I. PROCEDURAL HISTORY

Plaintiff Louise Thorpe filed a complaint in July of 1997, alleging she suffered injuries when she fell on property owned by defendant Elsie Gant. Thorpe's complaint alleged that Gant negligently failed to remove snow and ice from the sidewalk in front of a property she owned and as a result Thorpe fell and was injured. Since the amount in controversy was $50,000 or less, the case went to compulsory arbitration. On March 19, 1998, the board of arbitrators announced a finding in favor of Thorpe and against Gant in the amount of $38,618. The board also found Thorpe to be contributorily negligent and therefore responsible for 20 percent of the damages, lowering the total award to $30,894.40. Gant filed a notice of appeal from the award of the arbitrators on April 20, 1998. The case was tried before this court sitting with a jury on January 20-21, 1999. The jury announced a verdict in favor of Thorpe in the amount of $25,000 which was reduced by 30 percent to account for Thorpe's contributory negligence. The total award was $17,500. On February 1, 1999, Gant filed a post-trial motion requesting judgment n.o.v. or a new trial. The motion was denied by this court. Gant filed a notice of appeal to the Superior Court on August 28, 2000. Gant ordered the transcript on February 1, 1999. The court ordered the notes of testimony on September 13, 2000. A draft of the transcript was received on June 29, 2001.

## II. FACTUAL HISTORY

Both Thorpe and Gant own houses on the 5200 block of Parkside Avenue in West Philadelphia. (N.T. 1/21/99, p. 37.) Thorpe lived at 5270 Parkside. (N.T. 1/21/99, p. 44.) Gant owned a house at 5268 Parkside but also owned and lived in another house on Aberdeen Street, which is around the corner from her Parkside Avenue property. (N.T. 1/21/99, p. 44.) On January 3, 1996, Thorpe left her house at approximately 9 a.m. to go to work. (N.T. 1/21/99, p. 39.) At the time of the accident, Thorpe was employed as a housekeeper by North American Motel. Thorpe's car was parked in front of 5268 Parkside. (N.T. 1/21/99, p. 40.) When Thorpe had parked on the afternoon of January 2, 1996, there was no snow or ice in front of 5268 Parkside, nor anywhere else on the block. (N.T. 1/21/99, p. 64.) However, during the night, after 9 p.m., it snowed. When Thorpe attempted to go to her car the next morning, she slipped and fell in front of the door of 5268 Parkside. (N.T. 1/21/99, p. 40.) Thorpe stated that ice and snow on Gant's property caused her to fall. She described the sidewalk as being icy, and high and low with footprints in it. (N.T. 1/21/99, p. 49.) Thorpe also asserted that the sidewalk in front of her own house had been shoveled and salted the night before by her son. (N.T. 1/21/99, p. 49.)

Shortly after Thorpe's fall, Ms. Mable Brown, a neighbor from down the street came to Thorpe's aid. (N.T. 1/21/99, p. 50.) Thorpe did not previously know Brown. Brown helped Thorpe get up and Thorpe immediately felt pain in her wrist and elbow. (N.T. 1/21/99, p. 51.) Thorpe went to work, but was not able to perform all of her duties and remained sedentary for the most of her

shift. (N.T. 1/21/99, pp. 51-52.) In the middle of that night, Thorpe awoke and asked her daughter to call an ambulance to take her to the hospital because she was in pain. (N.T. 1/21/99, p. 53.) She was taken to Graduate Hospital where she underwent an examination and x-rays. Thorpe received a sling for her arm and directions to take Tylenol for her pain. (N.T. 1/21/99, p. 53.) On January 16, Thorpe sought treatment with Dr. Bonafino. Dr. Bonafino took more x-rays, performed an exam and gave Thorpe a splint to wear on her wrist. He also referred her to a Dr. Ruth, who again took x-rays. Thorpe treated with both doctors for about four months, after which her wrist felt better but her elbow was not as improved. (N.T. 1/21/99, p. 56.)

Thorpe testified that she could not do much of the work she did prior to the fall. (N.T. 1/21/99, p. 57.) She could not clean or take baths and she experienced pain in her elbow while lying down. She testified that everything she did took more time and effort. She could not hold her daughter's baby because of the pain in her arm. Thorpe could not cook or dress herself without help from her daughter. She could not return to work at the North American Motel. At the time of trial, Thorpe was employed by the School District of Philadelphia as a custodian. Her duties were dusting and picking up trash. Even her light duties caused her pain on occasion. Thorpe testified that she could not play basketball with her grandchildren anymore or crochet as she did in the past. (N.T. 1/21/99, p. 60.)

Gant also testified at trial, confirming that she owned 5268 Parkside Avenue and rented it out to tenants. She also stated that she did not see the snow come down but

at approximately 8 a.m. on the day of the accident, when she attempted to leave her home, she saw the snow and ice on her own steps and decided to remain inside. Gant also testified that because of her age, she did not shovel her own steps, but usually someone from the neighborhood would come and shovel for her, and she would pay them.

Brown also testified at trial. Brown resided at 5278 Parkside Avenue, where she had lived for nearly 20 years. She observed the accident and noticed the snow and ice on Gant's property while she was assisting Thorpe. Brown testified that 5268 Parkside was not shoveled and there was ice and snow on the sidewalk. She also related her observations of the property in the past, and that it was not shoveled on prior occasions when it should have been.

## III. ISSUES

A. *Whether the Evidence Was Sufficient To Sustain the Verdict Rendered by the Jury*

B. *Whether the Court Improperly Allowed the Testimony of Mabel Brown Regarding Her Observations of the Conditions of Gant's Property on Other Occasions*

## IV. DISCUSSION

A. *The Trial Court Properly Denied Gant's Motion for Judgment n.o.v. and Entered Judgment on the Jury's Verdict*

In reviewing a denial of a motion for judgment n.o.v. "[a]n appellate court must decide whether or not there

was sufficient evidence to sustain the verdict." *Lonasco v. A-Best Products Co.,* 757 A.2d 367, 372 (Pa. Super. 2000). All evidence and all "reasonable inferences drawn therefrom must be considered in the light most favorable to the verdict winner." *Id.* Judgment n.o.v. is reserved for those cases in which the moving party is entitled to judgment as a matter of law, and the evidence conclusively shows that no two minds could disagree that the outcome should have differed from the actual verdict. *Mitchell v. Moore,* 729 A.2d 1200, 1203 (Pa. Super. 1999). A trial court's denial of a motion for judgment n.o.v. will be reversed only if there is clear abuse of discretion or error of law which controlled the legitimacy and integrity of the verdict. *Id.*

In light of Pennsylvania law and the evidence presented, the jury was properly allowed to consider the liability of Gant. In a premises liability action, the court must determine if the record contains sufficient evidence to prove the negligent conduct claimed against the defendant. *Rinaldi v. Levine,* 406 Pa. 74, 76, 176 A.2d 623, 624 (1962). A property owner is primarily liable for the removal of snow and ice on his sidewalk. *Solinsky v. Wilkes-Barre,* 375 Pa. 87, 93, 99 A.2d 570 (1953). To show a defendant was negligent in failing to remove ice or snow on a sidewalk, the plaintiff must prove: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accu-

mulation of snow and ice which caused plaintiff to fall." *Rinaldi,* 406 Pa. at 78-79, 176 A.2d at 625-26.

The plaintiff must show that the accumulated snow and/or ice was sufficiently substantial as to constitute an obstruction to pedestrian travel. *Rinaldi,* 406 Pa. at 79, 176 A.2d at 626. However, the doctrine of hills and ridges does not always apply in situations where a plaintiff falls on snow and/or ice. *Mahanoy Area School District v. Budwash,* 146 Pa. Commw. 72, 75, 604 A.2d 1156, 1158 (1992). "Proof of 'hills and ridges' is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community." The Supreme Court of Pennsylvania decided that was not the case in *Williams v. Schultz,* 429 Pa. 429, 240 A.2d 812 (1968) and *Tonik v. Apex Garages Inc.,* 442 Pa. 373, 376, 275 A.2d 296, 298 (1971), cited in *Mahanoy Area School District,* 146 Pa. Commw. at 75, 604 A.2d at 1158. Where a localized patch of ice or snow lies on an otherwise cleared sidewalk, the existence of hills and ridges does not need to be established and the doctrine does not apply. *Tonik,* 442 Pa. at 376, 275 A.2d at 298.

In *Williams,* the court decided the plaintiff fell on a patch of ice directly in front of the defendant's house. *Williams,* 429 Pa. at 430, 240 A.2d at 813. The court distinguished the case at issue from *Rinaldi* and its test because the sidewalk in front of Schultz's house where Williams fell was a specific, localized area and "it is comparatively easy for a property owner to take the necessary steps to alleviate the condition while at the same time considerably more difficult for the pedestrian to avoid it even exercising the utmost care." *Williams,* 429 Pa. at 433, 240 A.2d at 814, cited in *Convery v. Prussia*

*Associates,* 2000 WL 233243, *2 (E.D. Pa.); *Goggans v. United States,* 1990 WL 18873 (E.D. Pa.). The *Williams* court did specify however, that sometimes it was difficult "to distinguish the exception from the rule." *Williams,* 429 Pa. at 432, 240 A.2d at 813.

Similarly, in *Tonik,* the plaintiff was a pedestrian passing on the defendant's sidewalk when she fell on a crack covered with ice. *Tonik,* 442 Pa. at 376, 275 A.2d at 298, cited in *Harmotta v. Bender,* 411 Pa. Super. 371, 381, 601 A.2d 837, 842 (1992). Defendant Apex was a garage with cars parked on a significant part of the sidewalk. *Tonik,* 442 Pa. at 375, 275 A.2d at 297. Tonik's only other option was to go around the cars by entering Broad Street, a city street with high volume traffic. *Tonik,* 442 Pa. at 376, 275 A.2d at 297. Instead, Tonik and her sister prudently went around the cars on the building side and unfortunately fell on the icy area. *Tonik,* 442 Pa. at 376, 275 A.2d at 298. Before reaching Apex's property, the two had no problem walking on the sidewalk because it was significantly cleared. *Tonik,* 442 Pa. at 375, 275 A.2d at 297. The court discussed the hills and ridges doctrine as applied in *Rinaldi,* but nevertheless gave the issue to the jury to determine whether Apex had been negligent, based upon the *Williams* holding. *Tonik,* 442 Pa. at 376, 275 A.2d at 298. The *Tonik* court even allowed the reasonable inference that the ice had made Tonik fall, in the absence of specific testimony from either Tonik or her sister, both witnesses. *Tonik,* 442 Pa. at 377, 275 A.2d at 298.

In this case, the jury decided that it was not reasonable for the sidewalk at 5268 Parkside to be covered with snow. The houses on either side of Gant's property had

their sidewalks cleared and the snow had arrived the previous evening. Gant had actual notice of the snow when she attempted to leave her own home the morning of Thorpe's fall and should have cleared the sidewalk before Thorpe was forced to cross it to get to her car. Even if the doctrine of hills and ridges did apply, it is evident that (1) snow and ice had accumulated on the sidewalk in such a manner that pedestrian travel was unreasonably obstructed and dangerous, (2) Gant had notice that the snow had fallen, and (3) it was evidently the dangerous accumulation of snow and ice which caused plaintiff to fall. There was no evidence that Thorpe could have avoided the snow and ice covered area. Since her car was parked adjacent to the snow covered sidewalk, the logical inference follows that a reasonably prudent person would have traversed the same area. It was therefore reasonable for the jury to find in favor of Thorpe and hold Gant liable for her negligent failure to remove the snow and ice from her property.

B. *The Trial Court Properly Allowed the Testimony of Mabel Brown Regarding the Condition of Gant's Property on Other Occasions*

Questions concerning the admissibility of evidence at trial are within the trial judge's sound discretion. *B & L Asphalt Industries Inc. v. Fusco,* 753 A.2d 264, 270 (Pa. Super. 2000) (citing *Peled v. Meridian Bank,* 710 A.2d 620, 625 (Pa. Super. 1998)). "[A] trial judge should admit all relevant evidence unless a specific rule bars its admission." *Valentine v. Acme Markets Inc.,* 455 Pa. Super. 256, 261, 687 A.2d 1157, 1160 (1997) (citing *Engle v. West Penn Power Co.,* 409 Pa. Super. 462, 481, 598

A.2d 290, 299 (1991), *allocatur denied,* 529 Pa. 669, 605 A.2d 334 (1992)). An appellate court will reverse a decision regarding evidence only if there is a clear abuse of discretion. *Id.* To constitute reversible error, the evidentiary decision must not only be wrong but also harmful to the complaining party. *B & L Asphalt Industries,* 753 A.2d at 270 (citing *Hart v. W.H. Stewart Inc.,* 523 Pa. 13, 16, 564 A.2d 1250, 1252 (1989)). A ruling which allowed or excluded evidence but did not affect the verdict will not warrant a disturbance of the trial court's judgment. *Id.* Even if evidence is improperly admitted, it may not justify a mistrial or new trial. *Valentine,* 455 Pa. Super. at 261, 687 A.2d at 1160. In reviewing a trial court's admission of testimony, an appellate court will only reverse for an abuse of discretion or error of law. *Lilley,* 408 Pa. Super. 83, 99, 596 A.2d 203, 210 (1991).

"Evidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith." Pa.R.E. 404(b). However, evidence of other acts can be admissible if offered to show proof of knowledge. Pa.R.E. 404(c). In a civil case, evidence of a party's similar acts, or similar existing conditions are admissible to prove a dangerous condition or defect existed, that it caused an injury or to show the defendant had notice or constructive notice of a particular condition. Pa.R.E. 404.27. Such information is allowed to show systematic and continuous behavior. *General Equipment Manufacturers v. Westfield Insurance Co.,* 430 Pa. Super. 526, 635 A.2d 173 (1993). Gant alleged that this court improperly allowed Brown to testify regarding her observations of Gant's property on prior occasions. Such evidence is proper testimonial evidence of the existence

of a dangerous condition on Gant's property at the time of Thorpe's fall. Brown's testimony of Gant's similar acts, or failure to act in the past was properly admitted into evidence and presented to and considered by the jury. Gant's claim on appeal that Brown's testimony should not have been admitted because plaintiff's counsel's questions lacked specificity is meritless. Brown was present and available to Gant for cross-examination and the court ruled properly on any and all objections presented regarding this testimony. Brown's perception of the scene the day of the accident, and at times prior to the accident were both permissible witness testimony. The jury was properly charged to determine the weight to be given this testimony as well as that of all of the other witnesses, as part of its role as finder of fact.

## V. CONCLUSION

Based upon the foregoing, this court properly entered judgment on the jury's verdict in favor of Thorpe. Therefore, Gant's motion was properly denied and her appeal should be dismissed.