J-A06041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TARA STIPANOVIC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMMONS SUPERMARKET LLC D/B/A | : | No. 2026 EDA 2019 |
| SHOPRITE OF ARAMINGO AVENUE | : | |
| AND SHOPRITE SUPERMARKETS INC. | : | |
| AND WAKEFERN FOOD | : | |
| CORPORATION | : | |

Appeal from the Judgment Entered June 11, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  May Term, 2017  No. 2364

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:               **FILED APRIL 13, 2020**

Appellant Tara Stipanovic appeals from the judgment entered by the Court of Common Pleas of Philadelphia County, following a bench trial, in favor of Ammons Supermarket, LLC, D/B/A ShopRite of Aramingo Avenue, ShopRite Supermarkets Inc., and Wakefern Food Corporation (collectively "Appellees"). After careful review, we affirm.

On May 15, 2017, Appellant filed this cause of action to recover damages for injuries she sustained on March 1, 2016 when she fell at the ShopRite supermarket located at 3745 Aramingo Avenue in Philadelphia.  Appellant claimed her fall and resulting injuries were caused by Appellees' negligence in

_____

* Former Justice specially assigned to the Superior Court.

"allow[ing] a rug in the produce section to be bunched up and raised to a degree that it constituted a tripping hazard." Complaint, 5/15/17, at ¶ 16. Appellant alleged that, as a direct and proximate result of Appellees' negligence, she tripped over the mat at issue and sustained "serious and permanent injuries that caused a substantial impairment of bodily function," in areas including, but not limited to, her right shoulder, elbow, and bicep. *Id*. at ¶ 25.

On September 13, 2018, Appellant filed a motion *in limine* to preclude Appellees from admitting any evidence of her falls prior to the incident in question, her motor vehicle accident that occurred in 2001, and any allegations that Appellant has a history of falling or is accident-prone. Given that Appellant suffers from muscular dystrophy, Appellant asked the trial court to prevent Appellees from arguing that Appellant violated a duty of care to avoid accidents as she was not using her prescribed arm crutches and wheelchair at the time of the accident. On January 30, 2019, the trial court entered an order denying this motion.

The parties litigated this dispute at a bench trial that took place from January 30, 2019 to February 2, 2019. Included in the evidence presented at trial was the supermarket surveillance video that recorded Appellant's fall on the floor mat. Both parties presented multiple witnesses, including medical experts that testified as to Appellant's muscular dystrophy diagnosis as well as her physical condition after the accident. In addition, both parties presented the testimony of liability experts that analyzed whether Appellees

complied with applicable standards with respect to the selection, placement, and maintenance of the floor mat on which Appellant fell.

Thereafter, on February 12, 2019, the trial court entered an order finding in favor of Appellees and against Appellant. Attached to the trial court's order was a detailed list of the trial court's findings of fact as well as the following conclusions of law:

> At all times, [Appellant], Tara Stipanovic, was a business-invitee while a customer shopping in the ShopRite of Aramingo Avenue.
>
> At all times, ShopRite owed [Appellant] an ordinary duty of care to make sure there were no dangerous or hazardous conditions that could injure [Appellant].
>
> Review of the incident, taken by the store's video camera, shows that the mat upon which [Appellant] fell, was not defective nor hazardous. It is clear that [Appellant] fell as she successfully lifted her left foot upon the mat, however, her right foot failed to lift. Instead, her right foot dragged, hitting the edge of the mat and gathering it together, thereby causing her to fall.

Order, 2/12/19, at 1.

On February 18, 2019, Appellant filed a post-trial motion in which she alleged that the trial court improperly considered evidence of her prior falls to conclude that Appellant was fall-prone and should have been using crutches or a wheelchair that she had been prescribed at the time of her accident. Appellant accused the trial court of lowering Appellee's duty of care towards handicapped customers and holding Appellant to a duty of care as a disabled person to use her prescribed medical devices or be responsible for her injuries. Appellant's post-trial motion did not characterize her argument as a challenge to the denial of her pre-trial motion *in limine*.

On May 7, 2019, the trial court entered an order denying Appellant's post-trial motion.  On June 4, 2019, Appellant filed a notice of appeal from the denial of her post-trial motions, but before judgment was entered on the verdict.  However, on June 4, 2019, Appellant filed a praecipe for the entry of judgment, which was entered in favor of Appellees on June 11, 2019.

As a preliminary matter, we must determine whether the appeal is properly before us.  This Court has held that "[a]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." **Sereda v. Ctr. City Acquisitions, LLC**, 222 A.3d 1161, 1164 (Pa.Super. 2019) (quoting **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514 (Pa.Super. 1995) (*en banc*).

While Appellant purported to appeal from the denial of her post-trial motion, Appellant subsequently filed a praecipe for the entry of judgment in favor of Appellees.  The docket reflects that judgment was entered in favor of Appellees on June 11, 2019. This Court has recognized that "[t]here are some instances wherein a party has failed to enter judgment [due to oversight] and our appellate courts may 'regard as done that which ought to have been done.'" **Sereda**, 222 A.3d at 1164 n.1 (quoting **Johnston**, 657 A.2d. at 514-515).  As such, we deem the appeal to be properly taken from the subsequently-entered judgment.

Appellant raises the following issues for our review on appeal:

- 4 -

[1.] Did the trial court err when it determined that [Appellant] had waived her right to file post-trial motions and take an appeal when [Appellant] acted in a procedurally correct manner and no waiver occurred?

[2.] Did the trial court abuse its discretion and commit an error of law when it allowed evidence of [Appellant's] prior and subsequent falls that did not cause any injury to her to come into evidence without limitation, and applied a different standard of care to [Appellant] as a fall prone person, thus modifying the duty of a land owner to a handicapped business invitee by holding the physically handicapped to a higher duty of care in violation to the egg-shell Plaintiff rule?

Appellant's Brief, at 5 (reordered for ease of review).

In this case, the trial court concluded that Appellant is not entitled to post-trial relief she failed to comply with Pennsylvania Rule of Civil Procedure 227.1(b), which provides in relevant part:

(b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1.

The trial court specifically found that Appellant failed to "raise any grounds pertaining to the trial court's finding of facts and conclusions at any point in time during the pre-trial and trial proceedings." Trial Court Opinion (T.C.O.), 7/30/19, at 5. Moreover, the trial court pointed out that Appellant waived her claims by failing to state in her post-trial motions *how* the grounds

were preserved in pre-trial proceedings or at trial. As the trial court determined that Appellant had never preserved her claims of error, it declined to review the merits of her arguments on appeal.

We agree with the trial court's conclusion as the "the failure to specify in a post-trial motion how the grounds for relief were asserted at trial, or in pre-trial proceedings, will result in a waiver of those grounds." *Hinkson v. PennDOT*, 871 A.2d 301, 303 (Pa.Cmwlth. 2005).[1]

While Appellant admits that her post-trial motion does not specifically state how she preserved the issues before the trial court, Appellant argues that the trial court failed to recognize that Appellant filed a pre-trial motion *in limine* raising these claims. However, Rule 227.1 clearly requires a party to state how the grounds were asserted in pre-trial proceedings or at trial; it is not the trial court's responsibility to search the record to locate where a party's claim was preserved. *See also Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa.Super. 2014) (citing *Commonwealth v. Mulholland,* 549 Pa. 634, 702 A.2d 1027, 1034 n. 5 (1997)) (recognizing that "[i]t is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim"). As such, we agree with the trial court's conclusion

---

[1] This Court has recognized that "[w]hile we are not bound by the decisions of the Commonwealth Court," we [may] cite such decisions as "persuasive authority." Overall, "we may turn to our colleagues on the Commonwealth Court for guidance where appropriate." *Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 224 A.3d 31, 38 n.5 (Pa.Super. 2019) (citing *Petow v. Warehime*, 996 A.2d 1083, 1088 n.1 (Pa.Super. 2010).

that Appellant's failure to comply with Rule 227.1 results in the waiver of her claims.

Even assuming *arguendo* that Appellant's had filed a post-trial motion that complied with Rule 227.1, there is no merit to Appellant's challenge to the trial court's discretion in its evidentiary rulings. Our standard of review is as follows:

> The admissibility of evidence is within the sound discretion of the trial court, and this Court will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. **Commonwealth v. Flor**, 606 Pa. 384, 998 A.2d 606, 623 (2010). An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Commonwealth v. Eichinger**, 591 Pa. 1, 915 A.2d 1122, 1140 (2007).

**Commonwealth v. Alicia**, 625 Pa. 429, 440, 92 A.3d 753, 760 (2014). Our Supreme Court has emphasized that, "[w]here the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." **Commonwealth v. Safka**, 636 Pa. 169, 185, 141 A.3d 1239, 1248 (2016).

As noted above, Appellant argues that the trial court abused its discretion in denying her motion to preclude Appellees from offering evidence of her prior falls. Arguing that Appellees attempted to depict Appellant as an accident-prone individual, Appellant claims the trial court ignored physical evidence of the cause of Appellant's fall and unfairly lowered Appellee's

standard of care as a property owner towards its handicapped business invitee.

Appellees argue that evidence of Appellant's prior falls was directly relevant to the issue of causation. Appellees point out that Appellant did not object to the admission of her medical records showing her 1998 muscular dystrophy diagnosis and the fact that her condition has progressed such that she had been prescribed forearm crutches and a wheelchair to help her walk. Appellees note that Appellant's own treating physician testified that Appellant's muscular dystrophy can lead to a condition that would cause Appellant to drag her foot.

However, we need not determine whether the trial court erred in allowing the admission of this testimony, as Appellant has failed to show that the trial court's evidentiary ruling resulted in prejudice. "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 651 (Pa.Super. 2013) (quoting *Schuenemann v. Dreemz, LLC*, 34 A.3d 94, 101 (Pa.Super. 2011)).

In a similar case, *Valentine v. Acme Markets, Inc.,* 687 A.2d 1157, 1161 (Pa.Super. 1997), the appellant sued the appellee supermarket for injuries he sustained in allegedly banging his leg on a pull-out shelf at the end of a checkout counter. This Court found the trial court's decision to admit evidence of the plaintiff's prior and subsequent falls was harmless error when

the jury never reached the threshold determination that the appellee supermarket was negligent as it found the checkout counter was not defective.

Likewise, in this case, after watching the surveillance video of Appellant's fall, the trial court specifically found that the mat, upon which Appellant fell, was not defective nor hazardous at the time of the accident in question. Rather, the trial court concluded that Appellant's fall was caused by her own actions. The trial court found the video recording clearly showed that Appellant "fell as she successfully lifted her left foot upon the mat, however, her right foot failed to lift. Instead, her right foot dragged, hitting the edge of the mat and gathering it together, thereby causing her to fall." Order, 2/12/19, at 1. As a result, Appellant has not shown that the trial court's decision to admit this evidence resulted in prejudice.

Accordingly, we affirm the judgment of the court below.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20