571 A.2d 518

John MOORE and Edward Slater and Martha Jenkins and Stanley Spratley,

v.

CITY OF PHILADELPHIA and Police Officers Kilmaro, Romano and Police Officers John Doe Nos. 1, 2, 3 and 4.

Appeal of The CITY OF PHILADELPHIA.

John MOORE, Edward Slater, Martha and Stanley Spratley, Appellants,

v.

CITY OF PHILADELPHIA and Police Officers Kilmaro, Romano and Police Officers John Doe Nos. 1, 2, 3 and 4, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Jan. 31, 1990.

Reargument Denied April 11, 1990.

Miriam B. Brenaman, Chief Asst. City Sol., with her, Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, for appellant/appellee, City of Philadelphia.

Charles W. Bowser, Baskin, Flaherty, Elliott & Mannino, P.C., Philadelphia, for appellees/appellants, John Moore et al.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The City of Philadelphia (City) and police officers Kilmaro [1] (Kuhlmeier), Romano (Romano) and John Does 1, 2, 3 and 4 (collectively, officers) [2] appeal from an order of the Court of Common Pleas of Philadelphia County that denied their post-trial motions for judgment notwithstanding the verdict (judgment n.o.v.), new trial and remittitur in a civil action where a jury awarded compensatory and punitive damages to John Moore (Moore). [3] Moore cross-appeals the trial court's denial of his request for delay damages. We affirm the trial court's decision as to denial of post-trial motions, but remand as to the denial of delay damages.

This action emanated from a series of incidents which occurred in January, 1977, in the aftermath of a restaurant robbery. Officers Kuhlmeier and Romano conducted portions of the investigation which included a search for Moore, a suspect in the robbery. Before encountering Moore, Kuhlmeier and Romano had several confrontations with the other appellees which included, *inter alia*, late night searches of their apartments under the guise of searching for Moore. When Moore was made aware of the fact that the police were searching for him, he turned himself into custody. In an effort to elicit a confession, Moore was physically abused by the police. The abuse included being slapped, punched and kicked by the John Doe officers who also attempted intimidation by using racially derogatory language. Additionally, Kuhlmeier and Romano forced Moore to strip to the waist and then placed him in a

---

1. The correct name of the officer in question is Kuhlmeier.

2. The City and officers will also be referred to as appellants, notwithstanding the cross-appeal filed by the appellees. (*See* note 3).

3. Martha Jenkins (Jenkins) and Edward Slater (Slater) were also awarded damages by the jury. Stanley Spratley (Spratley), who is now Ms. Jenkins' husband, received no award from the jury. Moore is the central figure in this action. Moore, Jenkins, Slater and Spratley will be collectively referred to as appellees herein, notwithstanding their cross-appeal on the denial of delay damages.

room (freezing room)[4] with broken out windows for almost an hour. All charges against Moore were dropped at the preliminary hearing.

Appellees brought an action against the City and officers, seeking compensatory and punitive damages because of the tortious conduct and constitutional violations committed by the officers. Appellees' complaint alleges that the officers committed assault and battery, false imprisonment, intentional infliction of emotional distress, trespass and defamation. Appellees further allege violations of Pa. Const. Art. I, §§ 1, 8, 9, and 26, in that the officers committed: unlawful searches of their person and possessions; violations of their civil rights to be free of arbitrary and unlawful state action; and other actions which deprived them of life, liberty and property.

Beginning June 23, 1987, almost ten years after the incident, the Honorable Judge Forer (trial judge) presided over a jury which returned the following verdict on July 2, 1987:

> Verdict in favor of John Moore against City of Philadelphia, Det. Kuhlmeier (a/k/a Kilmaro) and Det. Romano in the sum of Three Hundred Thirty–Seven Thousand Eight Hundred and Fifty–Five Dollars ($337,855.00) in lost wages, Two Hundred Thousand Dollars ($200,000.00) for pain and suffering and Forty–Four Thousand One Hundred and Twenty–Two Dollars ($44,122.00) in medical expenses, for a total of Five Hundred Eighty–One Thousand Nine Hundred and Seventy–Seven Dollars ($581,-977.00), and punitive damages against Det. Kuhlmeier and Det. Romano in the sum of One Hundred Thousand Dollars ($100,000.00).

> Verdict in favor of Martha Jenkins against Det. Kuhlmeier and Det. Romano in the sum of Ten Thousand Dollars ($10,000.00) and punitive damages in the sum of Five Thousand Dollars ($5,000.00).

4. The parties stipulated that the temperature during the dates of Moore's confinement were between ten and thirty degrees Fahrenheit.

Verdict in favor of Edward Slater against Det. Kuhlmeier and Det. Romano in the sum of Five Thousand Dollars and punitive damages in the sum of One Thousand Dollars ($1,000.00).

Verdict against plaintiff Stanley Spratley and in favor of all defendants.

The City and officers filed post-trial motions seeking judgment n.o.v., new trial, and a remittitur, which were denied. The trial judge did not prepare a written opinion and, on July 30, 1987, retired. Judge Goldman was then assigned to the case. Upon careful review of the record, Judge Goldman wrote an opinion (trial court opinion) detailing the basis of the denial of appellants' motions.

On appeal to this Court, appellants make the following arguments: 1) that the trial court erred in denying judgment n.o.v. because the record as a whole does not reflect credible evidence to support a verdict especially so as to permit a punitive damage award against Kuhlmeier and Romano; 2) that the trial court erred in finding that appellants did not preserve all the issues raised in their post-trial motions thereby waiving review of those issues; and 3) that the trial court erred in denying a new trial because of improper evidentiary rulings made during the jury trial. Appellees assert that the trial court erred in denying delay damages.

## I. JUDGMENT N.O.V.

■ Appellants' first claim that the trial court erred in refusing to grant their motion for judgment n.o.v. On appeal, we will reverse the trial court only if we find an abuse of discretion or an error of law which controlled the outcome of the case. *Timbrook v. Foremost Insurance Co.*, 324 Pa.Superior Ct. 384, 471 A.2d 891 (1984). Appellants assert that they are entitled to judgment n.o.v. because: (a) the record as a whole cannot support the verdict; and (b) the record cannot support an award against the two named officers, Kuhlmeier and Romano.

As to appellants' argument that the record cannot support the verdict, we do not agree.

It is hornbook law that where conflicting evidence has been introduced to a jury, a motion for judgment n.o.v. must be denied. *Farmers' Northern Market Co. v. Gallagher*, 392 Pa. 221, 139 A.2d 908 (1958). Our careful review of the record clearly demonstrates conflicting evidence. The jury chose to believe the appellees' version of the facts which would adequately support the verdict. A judgment n.o.v. should be entered only in a clear case, when the facts are such that no two reasonable persons could fail to agree that the verdict was improper. *Martin v. Soblotney*, 296 Pa.Superior Ct. 145, 442 A.2d 700 (1982). Furthermore, the evidence must be considered in the light most favorable to the verdict winner, giving him the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in favor of the verdict winner. *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980).

As to the specific claim that there was only "minimal" contact between Moore and the named officers so that punitive damages should not have been awarded, we find that Moore's testimony alone that Kuhlmeier and Romano placed him in a freezing room, if believed as the jury so did, demonstrated more than "minimal contact" and is truly abuse. Punitive damages are permitted to punish outrageous conduct. *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742 (1984). Such damages are proper punishment and deterrence for extreme behavior and are subject to strict judicial controls. *Martin v. Johns–Manville Corp.*, 322 Pa.Superior Ct. 348, 469 A.2d 655 (1983), *rev'd on other grounds*, 515 Pa. 377, 528 A.2d 947 (1987). We believe that the trial court properly upheld the jury's award of punitive damages because the officers' conduct was more than "minimal" and certainly was outrageous.

Accordingly, we affirm the trial court's order which refused to grant appellants' motion for judgment n.o.v.

## II. FAILURE TO PRESERVE ISSUES

Appellants argue that the trial court erred in finding that they did not preserve the nineteen specific issues raised in their motion for a new trial as Pa.R.C.P. No. 227.1 (Rule 227.1)[5] requires, because twelve of the averments were not briefed.[6]

Appellants assert that the issues were sufficiently briefed for appellees' counsel to file an answering brief. Further, appellants argue that, in fact, there is no requirement "that compels the filing of heavily researched and lengthy argued briefs in the post-trial period." (Appellants' Brief at 12.)

Despite the trial court's ruling that twelve of the specific averments had been waived, it addressed each one and determined that the averments were not such that would require a new trial. We will now review each averment to see if the trial court properly concluded that each had been waived.

Averments 9 and 10 claim excessive verdicts because: (a) Moore's contact with Kuhlmeier and Romano was only "minimal," thereby precluding punitive damages; and (b) the "mug shot," taken within twenty-four hours of his

---

**5.** Rule 227.1 states in pertinent part:
 Rule 227.1. Post-trial Relief
 (a) After trial and upon the written Motion for Post-trial Relief filed by any party, the court may
 (1) order a new trial as to all or any of the issues; or
 (2) direct the entry of judgment in favor of any party; or
 (3) remove a nonsuit; or
 (4) affirm, modify or change the decision or decree nisi; or
 (5) enter any other appropriate order.
 (b) Post-trial relief may not be granted unless the grounds therefor,
 (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for finding of fact or conclusions of law, offer of proof or other appropriate method at trial; and
 (2) are specified in the motion. The motion shall state how the grounds were asserted in pretrial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

**6.** The trial court had instructed appellants to brief all points raised in their post-trial motions and "warned that any points not duly briefed would be otherwise waived." (Trial Court opinion at 6.)

processing, did not demonstrate injury. As already discussed above in the denial of the judgment n.o.v., the trial court found the evidence demonstrated more than "minimal" contact so that the jury could assess a punitive damage award against Kuhlmeier and Romano. Appellants' theory that Kuhlmeier's and Romano's "minimal" contact with Moore did not justify punitive damages was not briefed so as to give the trial court an opportunity to correct the alleged error.

■ Next appellants contend that the "mug shot" demonstrates no injury, thereby precluding an award of damages to Moore. This giant leap of logic, or lack thereof, again was not preserved. Because *the parties, in fact, stipulated to Moore's permanent disability finding* by Social Security based upon psychiatric problems, physical evidence was not necessarily required. We agree with the trial court that such stipulation by the parties can hardly be considered an objection, point for charge or offer of proof as Rule 227.1 requires to preserve an issue for review.[7]

Averments 11 and 12 allege the jury's verdict was against the weight of the evidence because: (a) Jenkins and Spratley's testimony of Moore's poor appearance when they saw him hand-cuffed to other prisoners was contradicted by police records which allegedly demonstrate Moore had been moved to another police facility at the time Jenkins and Spratley testified that they saw him; and (b) Moore's testimony of being stripped to the waist by officers Kuhlmeier and Romano and of being placed in a freezing room where the window had been broken out was contradicted by a floor plan which showed that where Moore was held none of the rooms had windows. The trial court found that appellants failed to brief these averments and stated that even if these averments were briefed, they represented conflicting evidence, and thus, the assertion that the verdict is against the weight of the evidence would still be without merit.

7. The motion for reduction of the verdict included averments 1, 2, 3, and 4 and was essentially a restatement of those made in averments 9 and 10 of the motion for a new trial.

Again, upon review of the pertinent motion and brief, we agree with the trial court that appellants waived averments 11 and 12.

Averments 15, 16, 17, and 18 contend that the trial court erred in precluding evidence of Moore's prior adult convictions of larceny, a *crimen falsi,* and gun possession. Both convictions occurred more than ten years prior· to the present incident. Moore filed a motion in limine which requested that this evidence be precluded, which was granted. The trial court found appellants waived these averments because they were not briefed. Following the guide of Rule 227.1, we agree that these averments were waived.

Averments 19 and 20 contend that the trial judge erred in precluding medical testimony of Moore's past convictions which would have allegedly demonstrated Moore's pre-existing paranoia in regard to the police and to contradict Moore's psychiatrist's testimony. Appellants did not brief these averments and therefore, as with the previous averments, review has been waived.

Averment 22 asserts that the trial judge erred in refusing to permit into evidence Moore's family's medical history of "breakdowns" which appellants assert are similar to Moore's existing psychiatric problems. No exception was taken to her ruling, the issue was not briefed and therefore, we agree with the trial court that the issue is waived.

Averment 23 states that the trial judge erred in excluding evidence that Moore's apartment allegedly was used to entertain another woman to whom Moore was not engaged. No objection was made to this ruling, the issue was not briefed and therefore, was held waived by the trial court. We agree that this averment was waived.

■ The trial court rejected appellants' general averments 5, 6, 7, and 8 as being "boilerplate" and insufficient to preserve any issue for review. *Mears v. National Basic Sensors,* 337 Pa.Superior Ct. 284, 486 A.2d 1335 (1984), *rev'd on other grounds,* 510 Pa. 61, 507 A.2d 32 (1986). These "boilerplate" averments were that: 5) The verdict

was against the evidence; 6) The verdict was against the weight of the evidence; 7) The verdict was against the law; and 8) The verdict was against the charge of the court. They were not briefed and did not specify any grounds for the relief requested, as mandated by Rule 227.1. Although there is no requirement of "heavily researched and lengthy argued briefs," Rule 227.1(b)(1) requires that motions for post-trial relief state the specific grounds for the relief sought and how the grounds were asserted in pre-trial proceedings or at trial.

Appellants argue that the evidence supports these general averments and that we must look to the record as a whole as did the Supreme Court in *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978). Appellants cannot properly rely upon *Holzer.* In *Holzer,* the appellant included 107 assertions of error in his post-verdict motion, but only briefed and argued five. The Court stated that the failure to brief or argue the other 102 issues "deprived the [trial] court ... of any meaningful opportunity to consider them.... [A]ssignments of error not briefed or argued [are] waived and will not be reviewed on appeal." *Id.* at 101, 389 A.2d at 105. The Court did not impose a burden on itself to search the record to determine if an averment was properly preserved or argued. We agree with the trial court here, that the "boilerplate" averments were waived because appellants failed to specify the basis for error. We shall now turn to the issues properly before us.[8]

8. Appellants asserted three additional grounds for a new trial in their brief which were not averred in their post-trial motions. These newly alleged grounds are as follows:
 1. The [trial judge] erred when [she] failed to instruct the jury with respect to inappropriate, prejudicial and improper remarks made by [appellees'] counsel;
 2. The [trial judge] erred when [she] disallowed cross-examination of [Moore] on issues of a physical confrontation which occurred on his job prior to the incident; and
 3. The [trial judge] illegally allowed an amendment of the pleadings.
 Rule 227.1 provides that "[p]ost-trial relief may not be granted unless the grounds ... are specified *in the motion.*" (Emphasis added.) Further, Rule 227.1 states that grounds not asserted in the motion are

## III. NEW TRIAL

The trial court concluded that only three issues were properly preserved for its review, and therefore, are now proper for review by this Court.[9]

■ First, appellants argue that the trial judge erred when she allowed cross-examination of Kuhlmeier and Romano on their past invocation of their Fifth Amendment Rights. On May 19, 1978, Kuhlmeier and Romano were scheduled for deposition, but cancelled. At the next scheduled deposition on May 11, 1979, both officers attended but refused to answer questions, upon advice of counsel, asserting their privilege against self-incrimination. Depositions were again rescheduled in 1980, 1981 and 1982, all of which the officers cancelled. Not until January 31, 1983, after the statute of limitations had expired as to any criminal charges, did the officers give their depositions. At trial, Moore was permitted to argue to the jury that a negative inference could be implied from the fact that the officers had refused to testify until after the statute of limitations had passed for bringing of criminal charges. Appellants argue that the trial judge erred in allowing such information to be given the jury for the purpose of impeaching the veracity of the officers' testimony. We do not agree.

deemed waived unless leave of court is granted upon cause shown to specify additional grounds. Raising an issue or alleged error in a brief in support of post-trial motions will not preserve the issue or error for review if it is not stated specifically in the motion. *Cherry v. Willer,* 317 Pa.Superior Ct. 58, 463 A.2d 1082 (1983). Any issue which is objected to must be done so at the first opportunity so as to permit the court to correct any error at that point. *Papencordt v. Masterwork Paint Co.,* 412 Pa. 508, 194 A.2d 878 (1963); *Collier Township v. Robinson Township,* 25 Pa.Commonwealth Ct. 227, 360 A.2d 839 (1976). Since these three grounds were not asserted in the motion and appellants never requested leave to add additional grounds, they were deemed waived in the trial court opinion. Upon a careful review of this pertinent motion and brief, we agree that these issues ·were waived.

9. The grant or denial of a new trial will not be reversed on appeal absent either an error of law which controlled the outcome or a palpable abuse of discretion where the ruling turns on the weight of the evidence. *Martin v. Owens–Corning Fiberglas Corp.,* 515 Pa. 377, 528 A.2d 947 (1986).

Since the officers eventually testified at depositions and at trial that they never saw Moore when he was in police custody, their earlier invocation of their Fifth Amendment Rights not to give testimony that might incriminate them, was a prior inconsistent statement, and therefore, a proper subject for cross-examination.

■ Pennsylvania courts have followed the rule of law established by the United States Supreme Court in *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. *In re Oxman,* 496 Pa. 534, 437 A.2d 1169 (1981), *cert. denied,* 456 U.S. 975, 102 S.Ct. 2240, 72 L.Ed.2d 849 (1982); *Wilson v. Department of Education,* 63 Pa.Commonwealth Ct. 275, 437 A.2d 1286 (1981). The cases which permit an adverse inference to be drawn against parties who invoke the Fifth Amendment are not based on denial of the testimony but rather on the inference which can be drawn from refusing to testify because of a potential that the testimony might provide evidence of a crime. In *City of Philadelphia v. Kenny,* 28 Pa.Commonwealth Ct. 531, 540–41, 369 A.2d 1343, 1349 (1977), this Court stated:

> There is much authority for the proposition that, while a defendant in a civil case may invoke the privilege and it may not be used against him in any way in a subsequent criminal prosecution, the court in the civil case may draw any adverse inference which is reasonable from the assertion of the privilege. (Emphasis deleted.)

Thus, we agree with the trial judge's ruling.

The next issue to be considered is whether the trial judge erred when she limited the cross-examination of Moore, on the issue of the emotional effects of: (a) ending a romantic relationship prior to the incident here; and (b) the alleged "romantic triangle" between Moore, Jenkins and Spratley which might contribute to motives to fabricate their testimony or to give biased testimony. Appellees denied such allegations and contend that the admission of such personal

life events were irrelevant to the issue of police abuse. We agree.

The decision to exclude even relevant but otherwise prejudicial evidence is soundly within the trial judge's discretion. *See Commonwealth v. Boyle*, 498 Pa. 486, 447 A.2d 250 (1982). The trial judge, in making her decision to disallow evidence of Moore ending a relationship, relied on the following two factors: (a) Moore's alleged "girlfriend" was not present, could not be found and was not a party to the action; and (b) appellants' counsel could not supply the trial judge with a date or period of time, prior to the incident, when the break up was to have occurred. Therefore, the trial judge properly excluded such evidence.

With regard to the "romantic triangle" between Moore, Jenkins, and Spratley, the trial judge did allow cross-examination of Moore on his engagement to Jenkins and how this engagement had been broken off. Furthermore, appellants were permitted to attempt impeachment as to the last time each appellee had claimed to have seen the other. The trial judge acted properly in excluding certain vague and potentially prejudicial evidence, while at the same time allowing appellants the right to cross-examine Moore concerning his basic relationship with Jenkins.

Appellants' final argument is that the trial judge erred in her pre-trial ruling which precluded the introduction of the facts involved in the investigation leading to Moore's arrest. Appellants allege that the trial judge's ruling served to undermine the credibility of the officers because although Moore stipulated that there was probable cause to arrest, the officers needed to account for their activities during their investigation. Moore argued that this was irrelevant since the charges brought against him were dismissed at a preliminary hearing and that the officers' conduct of which he complains took place after the lawful arrest. A review of the record indicates that information was provided to the jury which included a description of the police investigation and of the robbery. It

becomes apparent that appellants' contention of error is that the trial judge excluded hearsay statements upon which the police allegedly relied to conduct their investigation, made by persons who were not witnesses. This hearsay evidence was also properly excluded. Accordingly, the order of the trial court denying appellants' motion for a new trial is hereby affirmed.

## IV. DELAY DAMAGES

 Our final issue concerns the trial court's denial of delay damages to appellees.

On July 8, 1987, *six days after the jury returned its verdict,* appellees petitioned for delay damages.[10] On February 28, 1989, the trial court denied the petition relying upon *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986). The trial court's opinion applied *Craig,* which it believed was the applicable law at the time this case was before the trial judge. *Craig* suspended the mandatory provisions of Pa.R.C.P. No. 238 (Rule 238) governing delay damages and provided an interim procedure until a new Rule 238 was promulgated. Pursuant to *Craig,* "claims for delay damages are to be presented by petition *within five days* of a jury verdict." *Id.,* 512 Pa. at 65, 515 A.2d at 1353 (emphasis added). Therefore, the trial judge found appellees' petition filed six days after the jury verdict as untimely filed. We do not agree.

Present Rule 238 became effective November 7, 1988. This version of the rule changed the time in which a motion for delay damages was to be filed from five days to ten days of the entry of the jury verdict. Subsection f states that, "This rule shall apply to actions *pending on or after the effective date of this rule in which damages for delay have not been determined.*" Because no order as to delay damages was docketed before February 28, 1989, the present Rule 238 must be applied and not the interim rule as enunciated in *Craig.* Accordingly, as to the issue of

---

**10.** The trial judge apparently granted the request on July 9, 1987, but upon our review of the docket in this case, no order was filed.

delay damages, we reverse and remand to the trial court, so that it may properly decide whether or not to award delay damages pursuant to the present Rule 238.

## ORDER

AND NOW, this 31st day of January, 1990, the orders of the Court of Common Pleas of Philadelphia County denying judgment notwithstanding the verdict and a new trial are affirmed and the order denying delay damages is reversed and remanded with instructions to determine the issue pursuant to Pa.R.C.P. No. 238, which became effective November 7, 1988.

Jurisdiction relinquished.