Michael K. HINKSON, Sr., and
Georgette P. Hinkson, his
wife

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANS-
PORTATION, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 1, 2005.
Decided March 29, 2005.

Allan E. Ells, Philadelphia, for appellant.

John Philip Diefenderfer, Lake Ariel and Mark J. Vasoli, Oreland, for appellees.

BEFORE: FRIEDMAN, Judge, COHN JUBELIRER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from the July 14, 2004, order of the Court of Common Pleas of Bucks County (trial court) entering final judgment against DOT pursuant to Pa. R. C.P. No. 227.4(1)(b).[1] We quash the appeal.

Seven different property owners (Property Owners) in Middletown Township (Township) filed negligence actions against DOT and the Township seeking damages caused by the flooding of Mill Creek following a rainstorm on June 12, 1996.

---

1. Pa. R.C.P. No. 227.4(1)(b) states that, upon praecipe of a party, the prothonotary shall enter judgment upon the verdict of a jury if a timely post-trial motion is filed and the court does not enter an order disposing of the motion within 120 days after the filing of the motion.

Property Owners alleged that: (1) the flooding was caused by DOT's negligent design and construction of the Interstate 95 (I–95) bridge over Mill Creek; (2) the I–95 bridge did not allow flood water to adequately pass underneath, causing flood water to back up and flood their properties; and (3) DOT failed to maintain the creek bed to prevent silt and vegetation from further constricting water flow underneath the bridge. (Trial ct. op. at 2–3.)

On December 11, 2003, following a trial, the jury returned a verdict finding that DOT was negligent and that DOT's negligence was the cause of the damage to Property Owners' properties. The parties stipulated to a molded verdict in the amount of the statutory cap, and the trial court issued an order on March 1, 2004, entering a verdict in favor of Property Owners.

On March 10, 2004, DOT filed post-trial motions seeking judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. However, the trial judge did not receive a copy of the post-trial motions, and, as a result, the trial judge took no action on the post-trial motions. On July 14, 2004, pursuant to Pa. R.C.P. No. 227.4(1)(b), Property Owners filed a praecipe for final judgment, and, on August 12, 2004, the trial court entered a final decree against DOT. (Trial ct. op. at 2.)

DOT filed an appeal with this court, and the trial court issued an opinion pursuant to Pa. R.A.P. 1925. In that opinion, the trial court stated that it was unaware of DOT's post-trial motions because DOT failed to comply with Pa. R.C.P. No. 227.1(f) (requiring a party filing a post-trial motion to "deliver" a copy to the trial judge) and Bucks County Rule 227.1 (requiring a party filing a post-trial motion to "give" a copy to the trial judge).[2] The trial court also explained that DOT waived many of the issues raised in its post-trial motions as a result of DOT's failure to comply with Pa. R.C.P. Nos. 227.1(b)(1) (requiring that grounds for a post-trial motion be raised at trial or pre-trial) and

---

2. We do not agree that DOT failed to comply with Pa. R.C.P. No. 227.1(f) and Bucks County Rule 227.1 by mailing instead of "delivering" or "giving" a copy of its post-trial motions to the trial judge.

Pa. R.C.P. No. 227.1(f) states that the party filing a post-trial motion shall *serve* a copy promptly upon every other party to the action and *deliver* a copy to the trial judge. However, the technical meaning of the word "service" is "formal delivery." *See* Black's Law Dictionary 1399 (8th ed. 2004). Thus, we see no significance in the use of two different terms to describe how parties, as opposed to trial judges, are to receive their copies of post-trial motions.

Pa. R.C.P. No. 440(a)(1)(i) permits "service" of legal papers *by handing it or mailing it* to a party, and, in other legal contexts, a person may "deliver" legal papers *in person or by mail. See Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.)*, 552 Pa. 22, 713 A.2d 87 (1998); cf. *In re Canvass of Absentee Ballots of November 4, 2003 General Election*, 577 Pa. 231, 843 A.2d 1223 (2004) (holding that, where a statute requires service by mail or by delivery in person, delivery by a third person is invalid). Because Pa. R.C.P. No. 227.1(f) does not specify a particular means of "delivering" post-trial motions to a trial judge, we conclude that the manner of "delivery" is not limited to delivery in person.

Bucks County Rule 227.1 states that a copy of all post-trial motions shall be *given* to the trial judge and that the "*usual* manner of documenting the fact of such service shall be by the endorsement of acceptances of service thereof by the trial judge." (*See* Appellee's brief, attachment.) The Bucks County Rule is invalid if it conflicts with the statewide rule or if it abridges, enlarges or modifies the substantive rights of litigants. *Davies v. Southeastern Pennsylvania Transportation Authority*, 865 A.2d 290 (Pa.Cmwlth.2005). Thus, we interpret the local rule to mean that a party may "give" post-trial motions to a trial judge by mail, and, although the *usual* manner of documenting such service is by obtaining the endorsement of the trial judge, the party is not required to do so.

227.1(b)(2) (requiring that a post-trial motion specify the grounds for relief and state how the grounds were asserted in pre-trial proceedings or at trial). The trial court concluded that, because DOT's post-trial motions were never perfected, DOT waived all issues.

■ Subsequently, Property Owners filed with this court a motion to dismiss DOT's appeal or, in the alternative, to limit the issues on appeal.[3] In the motion, Property Owners argue that DOT has waived all issues because DOT's post-trial motions did not comply with Pa. R.C.P. No. 227.1(b)(2). We agree.

■ Pa. R.C.P. No. 227.1(b)(2) (emphasis added) provides that post-trial relief may not be granted unless the grounds for relief,

> (2) are specified in the motion. The motion *shall state how the grounds were asserted in pre-trial proceedings or at trial.* Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

The rule's Explanatory Comment—1983 states:

> Subdivision (b)(2) specifies the requisites of the motion for post-trial relief. It

*must state* the specific grounds for the relief sought and *"how the grounds were asserted in pre-trial proceedings or at trial."*

In requiring the motion to state the specific grounds therefor, motions which set forth mere "boilerplate" language are specifically disapproved. A post-trial motion must set forth the theories in support thereof "so that the lower court will know what it is being asked to decide." *Frank v. Peckich,* 257 Pa.Super. 561, 391 A.2d 624, 632–633 (1978).

The *requirement* that the motion state *how the grounds were raised at trial* indicates compliance with the requirements of *Dilliplaine [v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974),[4]] and subdivision (b)(1) that there be a timely objection in pre-trial proceedings or at trial.

Pa. R.C.P. No. 227.1, cmt. (emphasis added). Thus, the failure to specify in a post-trial motion how the grounds for relief were asserted at trial, or in pre-trial proceedings, will result in a waiver of those grounds.[5] *Hall v. Jackson,* 788 A.2d 390 (Pa.Super.2001).

Here, DOT's motion for post-trial relief sets forth nine grounds for JNOV and four

---

3. By order dated November 3, 2004, this court listed Property Owners' motion with the merits of DOT's appeal.

4. In *Dilliplaine,* 457 Pa. at 258–59, 322 A.2d at 116–17 (footnotes omitted) (emphasis added), our supreme court stated:

> Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial *advances the orderly and efficient use of our judicial resources.* First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error.... Third, appellate courts will be free to more expeditiously

dispose of the issues properly preserved for appeal. Finally, the exception requirement will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions.

5. In *Moore v. City of Philadelphia,* 131 Pa. Cmwlth. 586, 571 A.2d 518 (1990), *appeal denied,* 527 Pa. 589, 588 A.2d 511 (1991), this court pointed out that, in *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978), our supreme court would not impose a burden upon itself to search the record to determine if 102 assignments of error set forth in post-trial motions were properly preserved or argued.

grounds for a new trial but does *not* state how any of the grounds were asserted in pre-trial proceedings or at trial. Therefore, DOT has waived all issues for purposes of appeal.

Accordingly, we quash the appeal.

## O R D E R

AND NOW, this 29th day of March, 2005, the appeal of the Commonwealth of Pennsylvania, Department of Transportation, is hereby quashed.