J-A28039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID AND SHERRIE CLIFF, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASSOCIATES AT CHAPMAN LAKE, | : | |
| INC. | : | No. 223 MDA 2018 |

Appeal from the Judgment Entered April 13, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2015-00099

BEFORE:  LAZARUS, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             **FILED FEBRUARY 01, 2019**

David and Sherrie Cliff (collectively, "the Cliffs") appeal from the Judgment entered against them and in favor of Associates at Chapman Lake, Inc. ("the Associates").[1]   We affirm.

In its Opinion, the trial court summarized the relevant factual history underlying the instant appeal as follows:

---

[1] The Cliffs filed the instant appeal prior to the entry of judgment on the trial court's verdict.  "Orders denying post-trial motions … are not appealable.  Rather it is the subsequent judgment that is the appealable order when a trial has occurred." ***Harvey v. Rouse Chamberlin, Ltd.***, 901 A.2d 523, 524 n.1 (Pa. Super. 2006) (citation omitted).  Judgment subsequently was entered on April 13, 2018.  As Judgment has been entered on the verdict, we will treat the Notice of Appeal previously filed in this case as filed *after* the entry of judgment.  ***See*** Pa.R.A.P. 905(a)(5).  The appeals statement has been corrected to reflect the entry of judgment.

[The Cliffs] are adult individuals who own real estate known as 4 George Street in Scott Township, Lackawanna County, Pennsylvania. [The Cliffs] claim a right of passage over George Street and other roads within the McNulty and Rogan subdivision [("the Subdivision")] areas[,] as well as riparian/lake rights to Chapman Lake[,] by virtue of various deeds contained within their chain of title. In the past, [the Cliffs] have accessed Chapman Lake by way of George Street and neighboring roads. [The Cliffs'] property is not adjacent to Chapman Lake.

[The Associates] is a corporation duly organized and existing under the laws of the Commonwealth. … [The Associates] owns the lake bed of Chapman Lake, which is a spring[-]fed lake of approximately one hundred (100) acres, located in Scott Township, Pennsylvania. [The Associates] obtained title to the lake bed by virtue of three (3) deeds recorded in Lackawanna County.[FN]

---

[FN] Said deeds were recorded on March 29, 1999, October 23, 2007, and July 9, 2012.

---

In the summer of 2008, the Associates decided to authorize neighboring property owners to use Chapman Lake for recreation purposes, for a cost, and established a flat fee of one hundred dollars ($100.00) per year for said use. The Associates agreed to allow [the Cliffs] to use Chapman Lake for recreational purposes for $100.00 per year, the same payment that is charged to all other homeowners on or near the lake. However, [the Cliffs] took the position that they had a legal right to use [Chapman] Lake as riparian land owners, pursuant to the deeds in their chain of title, and with this in mind[,] they offered to pay the Associates the $100.00 fee only on the stipulation that [the Associates] would acknowledge the legal basis for their lake rights. The Associates refused, contending that it[,] alone[,] has the officially-recognized right to regulate the use of Chapman Lake, and that others may use the [l]ake only with their permission….

Trial Court Opinion, 7/14/17, at 1-2 (footnote in original).

Subsequently, the Cliffs filed a Complaint seeking declaratory relief, and to quiet title regarding their interest in Chapman Lake. The Associates filed

an Answer and New Matter, asserting its ownership of Chapman Lake, and averring that the Cliffs have no right to use Chapman Lake pursuant to the deeds in their chain of title. New Matter, ¶¶ 4-5. Following a non-jury trial, the trial court entered a verdict in favor of the Associates. The Cliffs filed post-trial Motions, which, after a hearing, the trial court denied. Thereafter, the Cliffs filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Judgment subsequently was entered on the verdict.

The Cliffs present the following claims for our review:

A. Did the [t]rial [c]ourt err when it did not determine that [the Cliffs] owned [a] property interest appurtenant to their property[,] as defined by the 1895 Settlement Agreement filed in the condemnation action of the Jermyn and Rushbrook Water Company [("the Water Company")] against the Estate of Ellen Lee[,] set forth [at] Docket No. 422 September [T]erm 1895[,] and acquired riparian rights as successors in title to a portion of the original Lee Farm?

B. Did [the trial court] err by failing to determine that [the Cliffs], as owners of property in the [Subdivision,] had acquired a right to enter the water of Chapman Lake to the extent that the lake bed formed a portion of the roads of the property of the [Subdivision]?

C. Did [the trial court] err by determining that riparian rights did not include recreational rights?

Brief for Appellants at 5.

The Cliffs first claim that the trial court improperly failed to recognize that they "possessed as an appurtenant interest, rights from the settlement agreement ("the Agreement") between the Water Company and the Estate of

- 3 -

Ellen Lee and its heirs pursuant to a condemnation action filed to Docket No. 422 September Term 1895 ("the Condemnation Action"). Brief for Appellants at 19. The Cliffs assert that they are the owners of Lots 9 and 10 of the Subdivision, as identified on the 1950 Subdivision map. *Id.* They assert that a portion of their property incorporates a portion of the property "deriving from the original Lee Farm." *Id.* The Cliffs state that in 1885, the Water Company condemned a portion of the Lee Farm, which was subsequently submerged and incorporated into the lake bed. *Id.* According to the Cliffs, the Agreement stated that the Water Company

> disclaimed[ed] any intention of depriving the owners of said land
> … of access to the water of said Chapman Lake where it adjoins
> the said lands, or of the free and uninterrupted use of said water
> for the stock and other uses thereof in connection with said farm
> as riparian owners of said land and water, and do give and grant
> unto said parties the right to take water from the lake if it recedes
> or is drawn below the line of low water mark and to have the use
> of same as riparian owner and to fish in the water over the land
> taken from said [owners].

*Id.* at 20-21 (citation omitted). Thus, the Cliffs assert that "[t]he conveyance of the appurtenant interest by the [Water Company] clearly was a grant of riparian rights and the use of the water to the successors and assigns of any portion of the Lee Farm property." *Id.* at 22.

As this Court has explained,

> [o]ur appellate role in cases arising from non-jury trial verdicts is
> to determine whether the findings of the trial court are supported
> by competent evidence and whether the trial court committed
> error in any application of the law. The findings of fact of the trial
> judge must be given the same weight and effect on appeal as the
> verdict of a jury. We consider the evidence in a light most

- 4 -

favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Stephan v. Waldron Elec. Heating & Cooling LLC*, 100 A.3d 660, 664-65 (Pa. Super. 2014) (citation omitted).

The Cliffs claim riparian rights as to Lake Chapman.

In Pennsylvania, if a body of water is navigable, it is publicly owned and may only be regulated by the Commonwealth; ownership of the land beneath would not afford any right superior to that of the public to use the waterway. If a body of water is non-navigable, it is privately owned by those who own the land beneath the water's surface and the lands abutting it, and may be regulated by them.…

*Mountain Props. v. Tyler Hill Realty Corp.*, 767 A.2d 1096, 1099-1100 (Pa. Super. 2001) (citations and internal quotation marks omitted). The parties do not dispute that Chapman Lake is non-navigable. Thus, the trial court was asked to determine whether the Cliffs had acquired riparian rights to Chapman Lake through their chain of title.

In its Opinion, the trial court addressed the Cliffs' claim of riparian rights through the Lee Farm parcel, and concluded that it lacks merit. *See* Trial Court Decision and Decree, 1/18/18, at 2-3. We agree with the sound reasoning of the trial court, as stated in its Opinion, and affirm on this basis with regard to the Cliffs' first claim. *See id.* We additionally point out the

evidence presented at trial, which supports the trial court's findings and determination.

The Cliffs presented evidence that Chapman Lake is a freshwater lake located in Scott Township. N.T., 2/21/17, at 18. The Cliffs presented the testimony of David Durkovic ("Durkovic"), a title searcher, regarding their claim of ownership of riparian rights to Chapman Lake. N.T., 2/21/17, at 26. Durkovic testified that in 1895, Ellen Lee ("Lee") owned a large parcel that included a portion of the lake bed. *Id.* at 28. According to Durkovic, just prior to 1900, the Water Company condemned property in and around Chapman Lake. *Id.* at 9-10. Durkovic testified that the condemnation was effectuated to increase the water level four feet above the original outlet. *Id.* at 31. Another nearby farm, the Finch Farm, was not condemned by the Water Company. *Id.* at 38. Durkovic testified that the Finch property extended into the lake bed. *Id.* at 42.

According to Durkovic, the Water Company thereafter entered into the Agreement, which provided that the Lees, their heirs and assigns, would retain the use of the water for their livestock or other uses in connection thereof. *Id.* at 32-33. The Agreement further permitted the Lees and their successors to take water from the lake if it fell below the low-water mark, and to fish over the condemned property. *Id.* at 33.

Durkovic testified that in 1950, the Subdivision plan was filed. *Id.* at 27. The Subdivision was comprised of the Lee Farm parcel, and two parcels

comprising the Finch Farm. *Id.* at 44. According to Durkovic, the Cliffs acquired title to a parcel in the Subdivision. *Id.* at 46. However, according to Durkovic, the Cliffs' property was part of the original *Finch Farm* parcels, and not the Lee Farm parcel. *Id.* at 48. Thus, Durkovic's testimony supports the trial court's determination that the Cliffs did not secure riparian rights through the Lee Farm's chain of title. Because the evidence supports the trial court's determination, and its legal conclusion is sound, we cannot grant the Cliffs relief on this claim.

In their second claim, the Cliffs argue that they have acquired, as an appurtenant interest to their property, the ability to access the waters of Chapman Lake. Brief for Appellants at 24. The Cliffs contend that the actions of the Water Company raised the level of Chapman Lake, resulting in the submersion of some of the Subdivision's roads and common areas. *Id.* The Cliffs assert that "[t]he title to the roadways maintained with the property owners of the [Subdivision]." *Id.* The Cliffs argue that "to the extent that each roadway extends to the original low water mark of [Chapman Lake], that portion of the lake which covers these areas is accessible by the owners of lots in the [S]ubdivision." *Id.* at 25. Because the Associates purportedly have no ownership interest in the submerged roadways or common areas, the Cliffs argue that they have the right to use the lake above the roadways and common areas "as an easement appurtenant to their ownership interest and property created by the [S]ubdivision." *Id.* at 26.

While the Cliffs argue that certain common areas and roads are now submerged, they did not raise this as a basis to use Chapman Lake in their pleadings, nor was it addressed at trial. A party "may not, at the post-trial motion stage, raise a new theory which was not raised during trial." *E.S. Mgmt. v. Yingkai Gao*, 176 A.3d 859, 864 (Pa. Super. 2017). Consequently, we cannot grant the Cliffs relief on this claim.

Finally, the Cliffs claim that the trial court erred by establishing a set of legal rights for access of Chapman Lake based upon "a separate and distinct classification of riparian rights[,] which the court identified as 'recreation rights.'" Brief for Appellants at 26. The Cliffs take exception to the trial court's reference to "recreation rights," rather than "riparian rights." *Id.* at 28. Again, the Cliffs argue that riparian rights as to Chapman Lake were conveyed to all owners of the Lee Farm property. *Id.*

As set forth above the Cliffs did not acquire their property through the Lee Farm property's chain of title and therefore, their claim does not entitle them to relief. Accordingly, we affirm the Judgment entered by the trial court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/01/2019

- 8 -

IN THE COURT
OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
ORPHANS' COURT DIVISION


**DAVID CLIFF and SHERRIE CLIFF,**
**Plaintiffs**


**v.**


**ASSOCIATES AT CHAPMAN LAKE, INC.,**
**Defendant**

35-2015-00099


DECISION and DECREE


On February 21, 2017, this Court held a non-jury trial in the land and water rights case captioned above. Plaintiffs David Cliff and Sherrie Cliff sought declaratory, injunctive, and quiet title relief related to the use of Chapman Lake, a non-navigable body of water located in Lackawanna County, Pennsylvania. At the trial, testimony was presented by witnesses for the Plaintiffs and for the Defendant, and documentary evidence was entered. Counsel for Plaintiffs later determined that one of the survey documents submitted into evidence was not complete as to the boundary line of their property. On May 25, 2017, this Court conducted a supplemental hearing to admit a supplemental survey map. On July 14, 2017, we issued a decision and Order entering verdict in favor of Defendant on Plaintiffs' claims for relief.[1] Plaintiffs have filed a Motion for Post Trial relief, which was recently argued before the undersigned. For the following reasons, we deny the Motion for Post Trial Relief.

The first allegation of error is stated by Plaintiffs as follows:

> The decision of the Court did not render findings on the title to Plaintiffs' property. Specifically, the Court did not find that a portion of the Plaintiffs' property was part of the original Lee Farm. The remainder of the property was from the Finch Farm.

1

The historical title to the property is essential in determining the property rights which existed on the Plaintiffs' property by way of acquisition of thee property rights going back to the condemnation of 1895 of the Lee Farm property and the investing of certain lake rights in the chain of title.[1]

The evidence offered at the hearing showed that in the 1800s and 1900s, the Lee Farm and the Finch Farm were two properties which existed just to the west of Chapman Lake. After the Lee farm was condemned in 1895, the Jermyn and Rushbrook Water Company granted the Lees certain rights to use the waters of the Lake. Plaintiffs alleged that their land derives in part from the Lee Farm, which thereby grants them the rights granted to the Lees by said Water Company. However, at the bench trial, the testimony of Title Searcher David Durkovic was introduced, and Mr. Durkovic stated that Plaintiffs' property was from the former Finch Farm, and not the Lee Farm.

After the proceedings closed, Plaintiffs sought to reopen the matter to introduce a map from Barrett's Surveying and Mapping, which supposedly backed their claim regarding the Lee Farm and its title history. However, the Barrett Map did not show in any conclusive manner that Plaintiffs" property was part of the Lee Farm. As The Associates at Chapman Lake point out, under Pennsylvania Law, the party asserting a fact has the burden of establishing it by competent evidence. **V.W. v. Department of Public Welfare, 51 A.3d 282 (Pa. Cmwlth. 2012).** As the Plaintiffs were unable to show that they derive rights, including an easement to use the waters of Chapman Lake, from the Lee Farm, this assertion fails to persuade the Court to rethink its earlier ruling, as the Cliffs' property is not in the Lee Farm chain of title.

Plaintiffs call our attention to **Matthews v. Bagnik, 41 A.2d 875 (Pa. Super. 1945),** which speaks to riparian rights generally but does not address recreational water rights. This case states that ownership of land bordering a lake does not give said owner rights to use the lake. Further, Pennsylvania law provides that an easement can only be used for the purposes for which it was dedicated. In this matter, the easement was issued long ago, at a time when the Lee Farm parcel was contiguous to the lake, and because of that, the Lees were riparian owners. Again, the Jermyn and Rushbrook Water Company unambiguously limited the use of the easement granted to use the waters of the lake for uses connected to the farm, such as using water for livestock. For these reasons, even assuming that Plaintiffs established that their property is in the chain of title to the Lee Farm, the Plaintiffs do not have any valid claim to the rights granted to Lee and the Lee heirs, to use Chapman Lake.

---

[1] Plaintiffs' Motion for Post-Trial Relief, page two.

Plaintiffs Cliff also allege that this Court erred in determining that they are not riparian owners. Our decision in this regard stands. A riparian owner, under Pennsylvania law, is an owner of land contiguous to a body of water. **Fuller v. Cole, 33 Pa. Super. 563 (1907).** Plaintiffs Cliff own property in the vicinity of Chapman Lake, but the property is not bounded by the Lake. By way of their property ownership, the Cliffs do not have the right to unfettered use of Chapman Lake as riparian owners, and further, the non-navigability of the Lake works against the Cliffs as well.

In the Commonwealth, the law distinguishes between rights of riparian owners of land adjoining navigable bodies of water, and the rights of riparian owners of land adjoining non-navigable bodies of water. **Village of Four Seasons Association, Inc. v. Elk Mountain Ski Resort, 103 A.3d 814 (Pa. Super. 2014).** Whether a land is navigable depends upon whether it is used or usable for commerce and the transport in quantity of goods or people or whether the water remains a local focus of attraction. **Lakeside Park Co. v. Forsmark, 153 A.2d 486 (Pa. 1959).** In the matter now before us, the body of water at issue, Chapman Lake, has a lake bed of approximately one hundred acres which is spring-fed, with no inlet. The Lake's outlet is a narrow stream, and has not been used to move persons or goods in commerce; there has never been any commercial activity on Chapman Lake, according to the Associates. Put simply, Chapman Lake is not navigable, and as such, is privately owned by those who own the lake bed and activities on the surface may be controlled by them. **Associates of Chapman Lake v. Gerchman (C.P. Lackawanna County, 10 CIV 391, slip opinion).**

The final issue presented for our review concerns the roads in the McNulty subdivision in the neighborhood surrounding Chapman Lake. In our decision issued after the bench trial, we stated that the language in the deeds contained in Plaintiffs' chain of title affords them the right to ingress and egress from Chapman Lake over certain streets. This Court did not, in that written decision, suggest or infer that this access over roads translates to the unencumbered right to use Chapman Lake for recreational purposes. That issue was not addressed further, in the bench trial or in our earlier decision, and there is no valid reason now to evaluate an issue that was not raised at trial. Failure to specify in a post-trial motion where and how the grounds for relief were asserted at trial or pre-trial will result of a waiver of said issue. **Hinkson v. Commonwealth of Pennsylvania, 871 A.2d 301 (Pa. Cmwlth. 2005).** As this legal theory was not addressed in the pleadings or at trial, we find the issue to be waived.

As pointed out by the Associates, this case is now before the Court on post-trial motions in the nature of a Judgment Notwithstanding the Verdict. There are two reasons on which a Judgment Notwithstanding the Verdict can be entered: the moving party must demonstrate that he or she is entitled to judgment as a

3

matter of law or, in the alternative, that the evidence introduced in this case was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the moving party. **Holt v. Navarro, 932 A.2d 915 (Pa. Super. 2007).** After reviewing the record in this matter, including the exhibits, this Court can only conclude that, despite the well-made arguments which were presented during the bench trial, that the Cliffs are not entitled to judgment in their favor. The applicable law required a verdict in favor of the Associates, and after further consideration, that circumstance is unchanged, and the verdict will remain in favor of the Associates.

Our Order is attached.

4